JOHN W. WHITE, Assignee, etc. *vs.* DANIEL M. ROBBINS.

March 26, 1875.

Fire Insurance Policies on Stock of Goods do not pass by a Sale of all the Vendor's Personal Property.—The firm of McL. & Co. assigned to W. "all their property, assets and effects," for the benefit of creditors. Subsequently, and on June 30, 1873, W. sold to R., (in the language of the formal bill of sale,) "all the personal property of any nature or kind whatever, (except books and book accounts,) which belonged to said firm." At the time of the assignment to W., McL. & Co. held two fire policies upon the whole or a part of the property sold to R., each issued for a year, and dated March 1, 1873, and therefore having eight months to run at the time of W.'s sale to R. As it did not appear that the policies were assignable at the option of the insured, or that the insurer was under any obligation to assent to any assignment of them, *Held,* that there is nothing to show that it was in the power of McL. & Co., or of W., to transfer any valuable right or interest whatever to R., by a sale and assignment of the policies. *Held,* further, that as when the goods were sold, the policies, without a valid assignment, were, so far as this case shows, valueless, and therefore no longer property in any just sense, they were not included in the words "personal property," as employed in the bill of sale.

Complaint upon a promissory note made by defendant to plaintiff as assignee of McLeary & Co., upon a sale of all the personal property of that firm. Answer, that certain fire insurance policies on the goods sold were included in the sale; that these policies were of the value of $150; that afterwards, and before the insurance company which issued the policies knew of the sale, the plaintiff, with intent to defraud the defendant, surrendered the policies to the company, and received the return premiums; in consequence of which, the defendant was obliged to effect insurance on the goods sold him, at a cost of $150, and was damaged to that amount, which sum he prays may be allowed him as an offset and counterclaim to plaintiff's demand. At the trial in the court of common pleas for Ramsey county, before *Hall*, J., the evidence offered by defendant, in support of his answer, was excluded, on plaintiff's objection, defendant excepting. The court directed a verdict for plaintiff, for the amount claimed in the complaint; a new trial was refused, and defendant appealed.

*Uri L. Lamprey*, for appellant.

*John W. White*, for respondent.

BERRY J. The firm of McLeary & Co. made an assignment of "all their property, assets and effects" to the plaintiff, for the benefit of creditors. On June 30, 1873, plaintiff sold to defendant "all the personal property, of any nature or kind whatever, (except books and book accounts,) which belonged to said firm." At the time of the assignment to plaintiff, McLeary & Co. held two fire policies on the whole or a part of the goods sold to defendant, each issued for a year, and dated March 1, 1873, and therefore having eight months to run at the time of the plaintiff's sale to defendant. The question in this case is whether the right and interest of McLeary & Co., and of the plaintiff as their assignee, in and to the policies, passed to the defendant under the sale above mentioned.

Whether the policies were made assignable or not by their own terms, either with or without the consent of the insur-

ance company, does not appear : it is stated only that they were "issued to McLeary & Co." Admitting, as is perhaps inferable from the undenied allegations of the answer, that the policies were so assigned to the plaintiff as to pass McLeary & Co.'s interest in the same to him as their representative, taking and holding the same as their trustee, and really for their benefit, there is nothing in the case to show that the plaintiff or McLeary & Co. had any authority or capacity to transfer any valuable right or interest whatever, in or under the policies, to the defendant. Policies of insurance are not in their nature assignable, and unless made assignable at the pleasure of the insured, and by him assigned, or unless his assignment is assented to by the insurer, the effect of a sale, by the insured, of the property insured, is to put an end to the contract of insurance. The vendor of the property cannot recover upon the policy, if the property is burnt, because he has sustained no loss. The purchaser cannot recover, for he has no contract with the insurer. *Fogg* v. *Middlesex Fire Ins. Co.*, 10 Cush. 344 ; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. 396.

As it does not appear, in this case, that the policies were assignable at the option of the insured, or that the insurer was under any obligation to assent to any assignment of them, there is, as before suggested, nothing whatever to show that it was in the power of McLeary & Co., or of the plaintiff, to transfer any valuable right or interest whatever to defendant, by the sale and assignment of the policies. When the goods were sold, the policies, without a valid assignment, were, so far as the case shows, valueless, and therefore no longer *property* in any just sense, but mere waste paper. Giving to the formal bill of sale, by which the sale to defendant is evidenced, a reasonable and sensible construction, we are, for these reasons, of opinion that the policies are not included in the words " personal property, etc.," (before quoted,) as there employed.

This conclusion is not at all affected by the fact that the unearned proportions of the premiums were, after the sale

to defendant, returned by the insurance company to the firm of McLeary & Co., or one member of it, since there is nothing whatever to show that the company was under any legal obligation to make the return, or that it was anything more than a pure gratuity.

Order denying new trial affirmed.