NEW ENGLAND LOAN & TRUST COMPANY, APPELLEE,
v. JAMES KENNEALLY ET AL., APPELLANTS.

FILED JANUARY 16, 1894.   No. 5582.

1. **Fire Insurance:** ASSIGNMENT OF POLICY.   The general rule is that a fire insurance policy is a personal contract with the party insured, and does not run with the land or pass to the purchaser by a sale of the property insured, and any assignment of the policy, to be valid and operative, must be with the knowledge and consent of the insurer; especially where the policy, by its terms, requires the assignment, if any, to be assented to by the company.

2. **Foreclosure of Mortgage:** INSURANCE: SET-OFF AND COUNTER-CLAIM. G., by purchase of property from K., who, prior to the sale to G., had mortgaged the property to N., and had obtained insurance on the property in his own name, the policy of insurance having a clause attached by which the loss, if any, was made payable to N., the mortgagee, there being no assignment of the policy to G., does not acquire any right, in the event of the destruction of the buildings on said property by fire after the sale to him, to set-off or counter-claim the amount of said policy, or any part thereof, against the amount of the mortgage, in a suit by N. to foreclose the same, because of the neglect of N. to perform any of the conditions of the mortgage clause, and in which action a deficiency judgment is asked against G. as a part of the relief prayed for, G. having, in the sale of the property to him, assumed and agreed to pay the mortgage to N.

3. **Vendor and Vendee:** LIABILITY OF PURCHASER FOR PAYMENT OF MORTGAGES.   Where a party, purchaser of property, buys the property subject to a certain mortgage of $1,200, and the interest thereon, which he assumes and agrees to pay, he does not become personally liable for the payment of a second mortgage on the premises which is not shown by the pleadings or evidence to be any part of the first mortgage, or any part of the interest thereon.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Wooley & Gibson,* for appellants.

*Balliet & Points, contra.*

HARRISON, J.

The New England Loan & Trust Company commenced an action in the district court of Lancaster county to foreclose two mortgages, one in the sum of $1,200, and one in the sum of $——, executed and delivered to it December 26, 1887, by James Kenneally and Eliza Kenneally, and covering the following property, situated in the county of Lancaster and state of Nebraska, to-wit: "Lot twelve (12), in block five (5), 'Pleasant Hill' subdivision of lots three (3), four (4), five (5), and six (6) of the northeast quarter of section thirty-six (36), township ten (10) north, of range six (6) east, of the sixth principal meridian, with all the appurtenances thereto belonging." The petition contained the usual allegations of a petition in such actions and also a copy of the conditions of the mortgages, one of which provided that the Kenneallys should keep the buildings on said premises insured in some responsible and approved company or companies for the benefit of the mortgagee, in a sum not less than $2,000, and deliver the policies and renewal receipts to mortgagee. The petition also contained the following allegation: That Benjamin A. Gibson and Francis N. Gibson each agreed and assumed to pay this plaintiff the said mortgages made and executed by James Kenneally and wife to this plaintiff, and that said agreement was a part of the purchase price of said land from Kenneally to Gibson, and from Gibson to Gibson. There was a deed executed, as appears from the evidence, from the Kenneallys to Benjamin A. Gibson, and one from Benjamin A. Gibson to Francis N. Gibson, in each of which there was a clause whereby the grantee assumed and agreed to pay the $1,200 mortgage and the interest thereon. The prayer of the petition was for foreclosure of the mortgages and de-

ficiency judgments against the Kenneallys and the Gibsons. The Kenneallys did not appear, made no defense, and were defaulted. The Gibsons filed separate answers, but as the defenses were the same, and the pleadings in substance very similar, they may be considered together, and one statement here of the issues raised will suffice. These answers, after admitting the execution and delivery of the notes and mortgages, and the purchase of the property from the Kenneallys, alleged that such purchase was made January 10, 1888. The deed to Benjamin A. Gibson is of date January 25, 1888. This deed, it is shown by the testimony, should have been made to both the Gibsons, defendants herein, and was by mistake made to Benjamin A. Gibson alone. The deed from Benjamin A. Gibson to Francis N. Gibson is of date June 18, 1888. The answers further alleged that on the 10th day of January, 1888, in pursuance of the covenants in the mortgage contained, insurance policy No. 978 was procured by James Kenneally to be issued to him by the Insurance Company of North America, insuring the buildings on said premises against loss or damage by fire in the sum of $2,000. That the sum proven to be due on said policy in case of loss or damage by fire was, by the terms of the mortgage clause attached to said policy, made payable to the plaintiff, the New England Loan & Trust Company, mortgagee, or beneficiary, or its assigns, subject to the following stipulations, to-wit:

"It is agreed that this insurance, as to the interests of the mortgagee, or beneficiary, or its assigns only, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupancy of the premises for purposes more hazardous than are permitted by the terms of this policy, nor by any change in title or possession, whether by legal process, voluntary transfer or conveyance of the premises, provided the mortgagee or beneficiary shall notify this company of any change of

ownership or increase of hazard which shall come to the knowledge of such mortgagee or beneficiary, and shall have permission for such change of ownership or increase of hazard duly indorsed on the policy."

There is a further averment that the policy was immediately forwarded by Kenneally to the plaintiff, and by plaintiff kept and retained; that defendants were not permitted to see and examine it, and were ignorant of its conditions until March, 1889. It is further alleged in the answers that the buildings on said premises, covered by the policy, were, on the 14th day of December, 1888, entirely destroyed by fire, and that due proofs of loss were made. The answers further alleged that the plaintiff was notified immediately of the transfer and conveyance of the property by the Kenneallys to the Gibsons, and that plaintiff willfully, negligently, and carelessly omitted and refused to give notice to the Insurance Company of North America of such transfer, by reason of which negligence and failure on the part of plaintiff to so notify the insurance company, the said company refuses to pay the amount of the loss under the policy to the damage of defendants in the sum of $2,000. Defendants pray for a finding in their favor in the sum of $2,000, for a cancellation of the notes and mortgages, and a judgment against plaintiff for the balance, if any, of the $2,000, after deducting therefrom the amount of the notes and mortgages. The plaintiff filed replies to the answers, which were in effect general denials. A trial of the issues was had February 26, 1892, in the lower court, and findings made by the court that there was due on the first mortgage the sum of $1,589.85; that the defendants Benjamin A. Gibson and Francis N. Gibson had assumed and agreed to pay the same, and that there was due the plaintiff upon said note and mortgage from the defendants James and Eliza Kenneally and Benjamin A. and Francis N. Gibson the sum of $1,589.85. There was a further finding that there was due plaintiff

from James and Eliza Kenneally on the note secured by the second mortgage the sum of $174.58. There was also a finding against the answer and counter-claim of Francis N. Gibson, and that he was not entitled to the relief prayed for in said answer. There was a decree of foreclosure for said sums and interest at seven per centum per annum from date of decree, the date of the decree being June 17, 1892.

The evidence shows: The execution and delivery of the notes and mortgages by James and Eliza Kenneally to plaintiff; the issuance of the policy of insurance to James Kenneally with mortgage clause attached, as set forth in the answers, and that the same was sent to plaintiff and retained by it until sent to defendants Benjamin A. and Francis N. Gibson at their request, during February or March, 1889; that plaintiff was notified or informed of the transfer or conveyance of the property to the Gibsons on or about July 31, 1888; that plaintiff did not notify the insurance company of the transfer of the property to the Gibsons; that on December 14, 1888, the buildings on the premises and covered by the policy of insurance were totally destroyed by fire; that the policy of insurance was never assigned to the Gibsons or either of them; that the insurance had been obtained on the buildings by James Kenneally prior to the sale of the premises to Benjamin A. Gibson, but he had not paid the premium and same was paid by the Gibsons, but the evidence does not show to whom they paid it, or whether they paid it for Kenneally, as his indebtedness to the company, or its agent, or on their own account; that the policy contained the following condition as to change of ownership of the property insured, and assignment of the policy: "If the assured shall, by voluntary transfer or conveyance, dispose of the property covered by this policy, or of an undivided interest therein, or a change shall take place in the membership of the firm or copartnership for whose benefit the insurance

hereunder was effected, this policy may be assigned to the party or parties succeeding to the ownership of the prop-, erty, provided the company shall first consent thereto by indorsement hereon; otherwise this insurance shall cease from the date of such change in ownership."

The controlling fact in this case as to the rights of the defendants Gibson in the proceeds of the policy of insurance, or its proper enforcement, or its being kept alive and in force by the plaintiff, if any such rights could in any event be or accrue to Kenneally or to defendants as assignees of Kenneally, must clearly, it seems to me, depend upon whether or not the policy was ever assigned to the Gibsons, and it is unquestionably shown by the evidence that it never was. In this case the question is not left an open one, but by a condition of the policy it is made obligatory upon the party or parties receiving a conveyance or transfer of the property, to have the policy assigned and consent of the company to such assignment indorsed on the policy; if not, the insurance to cease. The general rule of law is, that a policy of fire insurance is a personal contract with the party insured and does not run with the land or pass to the purchasers by a sale of the premises or property insured, and any assignment of the policy must be with the knowledge and consent of the insurer. (*Ayres v. Hartford Fire Ins. Co.*, 17 Ia., 183, and cases cited; *Simeral v. Dubuque Mutual Fire Ins. Co.*, 18 Ia., 319; *Ætna Fire Ins. Co. v. Tyler*, 30 Am. Dec. [N. Y.], 90; May, Insurance, sec. 6.) The defendants not having received any assignment of the policy, acquired no rights to the proceeds thereof, and clearly were in no position to require an enforcement of the policy at the hands of the mortgagee, and were not damaged by his failure to give notice of the transfer to the insurance company and had no right to the relief prayed for in their answers.

It may be claimed that as they paid the premiums, they thereby acquired a right to the proceeds of the policy

and to its enforcement by the mortgagee; but on this point, if it would avail them anything, the evidence does not go far enough to show that the insurance company knew that the premium was paid by them.   The evidence is conclusive that they paid the premium, but the nearest we can come to any knowledge of how it was paid, or to whom, is in the evidence of one Epperson, who was a clerk in the real estate office where the sale from the Kenneallys to the Gibsons was effected and closed, and who was the active party in said office in closing the sale and making the transfer.   Said Epperson states on page 46, in answer to question No. 170, "Who paid the premium on the policy?" "Mr. Gibson; his money paid it.   He sent the money by mail."   The letter, if any, is not introduced, and there is no evidence as to whether the company was informed that Gibson paid it, or, if he did, whether he paid it for Kenneally or not, and whether it was paid as a part of the purchase price or not.   As to these matters, we are left entirely in the dark and to conjecture, while on the other hand it is conceded that prior to this time the insurance was ordered by Kenneally and the policy issued to him, the mortgage clause attached, and the policy forwarded to the plaintiff; and it is not shown that the defendants, the Gibsons, ever made any effort in any manner to obtain possession of it, or have it assigned until after the property was destroyed by fire.   There is nothing in the mere furnishing of the money to pay the premium upon which to found a claim to the proceeds, or the enforcement of the policy, or to obviate the necessity of an assignment of the policy.

The appellee has asked in its petition in the lower court that the deficiency judgment be accorded it against the defendants Gibson as to both mortgages, and in its brief in this court it asks that the decree of the lower court be so modified as to give it such relief, the lower court not having allowed it as against the defendants Gibson

any judgment as to the second mortgage. The agreement of the Gibsons was that they assumed and agreed to pay the mortgage of $1,200 and the interest thereon. In the absence of any testimony that the amount of the second mortgage was to cover any part of the $1,200 note and mortgage, or any interest thereon, the finding and decree of the lower court was right and will not be modified or changed.

As the conclusion which we have reached as to the rights of the appellants fully disposes of them, the decision of the questions of what would have been their rights under the policy had they acquired any by proper assignment thereof, to have the notice of the transfer given by the mortgagee, and to recover damages if such notice was not given, is not necessary to a determination of the case as to them, and will not be discussed or decided. After thorough investigation of the record in the case, we are ·fully satisfied that the decree of the lower court was right, and it is

AFFIRMED.