W. E. Davis, Appellant, v. Bremer County Farmers Mutual Fire Insurance Association.

**Insurance:** ASSIGNMENT: CONSENT OF COMPANY: RECOVERY ON POLICY.
1  A policy of insurance is a contract of personal indemnity, not assignable before loss without consent of the insurer; so that a purchaser of the absolute title to insured property can not recover for damage or destruction of the same subsequent to the transfer, unless the policy has been assigned to the purchaser with the knowledge and consent of the insurer.

**Same.** One to whom a policy of insurance was issued can not re-
2  cover thereon for loss or damage to the property occurring after he has parted with the title and ownership; as the contract is one of indemnity and he has suffered no loss.

**Same:** STATUTES. The statutes relating to the assignment of in-
3  struments for the payment of money, and permitting their assignment although prohibited by the instruments themselves, apply to the assignment of insurance policies after but not before a loss of the property.

**Same:** ASSIGNMENT OF POLICY AFTER LOSS: CONSENT: EFFECT. Con-
4  sent to the assignment of a policy by an officer of the company, after conveyance of the property and its subsequent destruction by fire, created no liability on the part of the company; as the assignor had no insurable interest at the time of the loss and therefore no rights to transfer, and the consent created no new rights.

**Same:** MUTUAL INSURANCE: ASSIGNMENTS: APPLICATION OF GENERAL
5  RULES. Where the articles and by-laws of a mutual insurance company limit insurance to its members, their heirs and executors, but make no mention of their assigns, and contain no provision that one may become a member simply by taking an assignment of a policy, an assignment is subject to the general rule that the assignee of a policy acquires no rights therein, unless the assignment is made with te consent of the insurer.

*Appeal from Bremer District Court.—*Hon. J. J. Clark,
Judge.

Wednesday, March 6, 1912.

Action to recover for a loss by fire, alleged to be
covered by a policy of insurance in the defendant com-
pany. The court sustained a demurrer to the petition, and
on the election of plaintiff to stand on his pleading, judg-
ment was rendered for the defendant, from which the plain-
tiff appeals.—*Affirmed.*

*Dawson & Wehrmacher,* for appellant.

*Sager & Sweet,* for appellee.

McClain, C. J.—On May 22, 1908, the defendant
company executed to Mrs. William Blume its policy of in-
surance against loss or damage by fire to her dwelling house
and farm buildings in the sum of $800. On or about the
26th day of October, in the same year, Mrs. Blume sold
and conveyed the real estate on which such buildings were
situated to this plaintiff, said conveyance being by war-
ranty deed, and at the same time, and as part of the con-
sideration of the purchase of the property by plaintiff, "it
was understood and agreed that he should succeed to and
become the owner of said policy of insurance and all the
rights, interest, and privileges thereunder, and that plain-
tiff is now the owner and holder thereof." The by-laws of
the defendant company, which are by reference made a
part of the contract of insurance, contain the following
article:

"Sec. 18.—The holders of unexpired policies are liable
for all assessments. Any member desiring his policy can-
celed must return it with the request to cancel to the sec-
retary of the association, who will be governed by article

XII of the articles of incorporation. Any member disposing of property insured must have his policy either canceled or transferred; if a transfer is desired, both seller and purchaser should appear at the office of secretary or assistant secretary, that the transfer be properly made upon register and policy."

The only written or formal assignment from Mrs. Blume to plaintiff was the printed form of assignment on the back of the policy, filled out· to read as follows: "Transfer.—Sumner, Iowa.   Trans. Nov. 13-08.   Burnt Nov. 9-08.   For the consideration of the payment of present dues I hereby transfer the within policy to W. E. Davis.   (Signed) Mrs. Wm. Blume.   In the presence of J. A. Lease, Assistant Secretary."

It does not appear that, prior to this formal assignment, the policy had been delivered to plaintiff; but it does appear "that, on account of the absence of the assistant secretary, the formal transfer of the policy was not indorsed thereon until on or about the 13th day of November, 1908, at which time said policy was presented to the said assistant secretary," and that information was then given him of the purchase of the property by plaintiff and the assignment of the policy to him, and that "thereupon the said assistant secretary duly indorsed and consented to the transfer thereof, thereby ratifying and confirming the assignment and transfer of said policy of insurance to said plaintiff."   On November 9, 1908, there was a complete destruction of the buildings by fire, and on the next day the plaintiff sent to the defendant company certain alleged proofs of loss, in which he described himself as owner and holder of the policy by assignment and delivery to him by Mrs. Blume on October 26, 1908.

The foregoing are the material facts as alleged in the petition, which must be treated as true in passing upon the demurrer, which sufficiently raises the questions whether the absolute sale and conveyance of the property by Mrs.

Blume to the plaintiff, prior to the fire, by terminating her insurable interest, terminated, also, her right to recover under the policy, and whether, by the alleged agreement of assignment at the time of the conveyance, and by the formal assignment after loss, plaintiff acquired any right to recover under the policy. The sufficiency of the proofs of loss is also put in issue by the demurrer.

I. If any one proposition can be regarded as having been definitely settled by early adjudications, and as having remained definitely settled, notwithstanding constant modifications of the law on the subject of

1. Insurance: assignment: consent of company: recovery on policy.

fire insurance by changes of view on the part of courts and of policy on the part of legislatures, it is the proposition, made up of three distinct elements working together to one result, that the purchaser of the absolute title and right to property covered by a fire insurance policy is not entitled to the indemnity provided for in the policy on account of a damage to or destruction of the property subsequent to the transfer, unless, by the consent of the insurer, the policy has been assigned to the purchaser by the former owner. The three elementary principles of fire insurance which, working together, bring about this inevitable result are, first, that a policy of fire insurance is a contract of indemnity, and if, at the time of loss, the holder of the policy has no right, title, or interest to or in the property insured he can not recover anything under his contract of insurance, for the damage to or destruction of the property results in no injury to him; second, that the purchaser of the property, taking it prior to the loss, is not a party to any contract of insurance between the former owner and the insurer, and therefore is not entitled to recover under such contract; and, third, that the contract of fire insurance, being personal in its nature, can not be transferred by the insured to another, save in accordance with provisions of the contract itself, involving the express or im-

plied assent of the insurer, or a valid contract of the insurer that it shall become liable to the new owner.   These elementary propositions are not dependent on any stipulations, conditions, or limitations of the contract itself, but result from the very nature of the contract, though, of course, they may be superseded or waived by provisions in the contract, or by a new valid contract or agreement subsequently made.   In support of the general proposition involved, it is sufficient to cite a few authorities, with the suggestion that, so far as they sustain these elementary principles, they have remained unquestioned in any cases to which our attention has been called, or of which we have any knowledge: *Aetna Fire Ins. Co. v. Tyler,* 16 Wend. (N. Y.) 385 (30 Am. Dec. 90); *Lane v. Maine Mut. F. Ins. Co.,* 12 Me. 44 (28 Am. Dec. 150); *Morrison's Adm'r v. Tennessee M. & F. Ins. Co.,* 18 Mo. 262 (59 Am. Dec. 299); *Mutual Protection Ins. Co. v. Hamilton,* 5 Sneed (Tenn.) 269; *Ayres v. Hartford F. Ins. Co.,* 17 Iowa, 176; *Simeral v. Dubuque Mut. F. Ins. Co.,* 18 Iowa, 319; *White v. Robbins,* 21 Minn. 370; *New England Loan & Trust Co. v. Kenneally,* 38 Neb. 895 (57 N. W. 759); *Insurance Co. of N. America v. Martin,* 151 Ind. 209, 222, (51 N. E. 361); *Lett v. Guardian F. Ins. Co.,* 125 N. Y. 82 (25 N. E. 1088); 1 May, Insurance (4th ed.), section 264; 19 Cyc. 583, 591, 633; 13 Am. & Eng. Enc. (2d ed.), 100, 184.   Unless, therefore, something may be found in the provisions of the contract authorizing the substitution of plaintiff for Mrs. Blume, or some consent to such substitution on the part of the defendant is made to appear, then plaintiff can not recover.

II.   Plaintiff relies, first, on an agreement between him and his grantor, Mrs. Blume, the insured, entered into as a part consideration of the purchase of the property,

2. SAME.

that plaintiff should succeed to and become the owner of the policy of insurance and of all the rights, interest, and privileges of the insured there-

to. Conceding that this is a sufficient allegation of a present assignment, it is manifestly insufficient to show that plaintiff thereby acquired any contractual rights against this defendant, as insurer; for, as already stated, the contract of fire insurance is a personal contract, not assignable before loss without the consent of the insurer.

The statutory provisions (Code, sections 3044, 3046), declaring that all instruments by which the maker promises to pay another, without words of negotiability, a sum of money, are assignable by indorsement thereon, or by other writing, even though by the terms of the instrument its assignment is prohibited, have been applied to sustain a right of action by the assignee of a fire policy who takes an assignment thereof after loss, notwithstanding provisions in the policy against assignment. *Walters v. Washington Ins. Co.,* 1 Iowa, 404; *Mershon v. National Ins. Co.,* 34 Iowa, 87. Such a conclusion is in accordance with the reason and policy of the statute; for, after the loss has occurred, the obligation of the insurer under the policy is to pay a sum of money, the right to which may properly be transferred, although the amount may not yet be definitely ascertained. After the loss, no personal element remains in the contract, and the relations of the parties to it are simply those of debtor and creditor. But we have never held that these statutory provisions render assignable a personal executory contract. On the contrary, we have plainly intimated that such a contract is not assignable without consent of the other party to the contract. *Rappleye v. Racine Seeder Co.,* 79 Iowa, 220; *Peterson v. Ball,* 121 Iowa, 544.

We find nothing in our statutes or decisions inconsistent with the continued recognition of the general rule of law that personal contracts, executory in their nature and involving relations of trust and confidence, are not assignable by one party thereto without the consent of the other. A laborer or other employee, whether skilled or

*3. Same: statutes.*

unskilled in the particular line of employment, can not substitute another employee for himself, under a contract involving the rendition of services, so as to obligate his employer to accept the services of such other person and pay for them under the terms of the contract. Cases already cited amply support the proposition that the relations of insured and insurer involve an element of personal confidence in the insured on the part of the insurer, and for that reason are unassignable, save with the consent of the latter.

The written assignment above set out does not purport to be anything more than an assignment by Mrs. Blume, executed after the loss, of the rights which she then

4. SAME: assignment of policy after loss: consent: effect.

had under the policy. This assignment passed nothing to the plaintiff; for after the loss Mrs. Blume had no right to recover anything, because she had no insurable interest covered by the policy. The assent of the assistant secretary to such an assignment could not create in Mrs. Blume, for the purpose of transfer to plaintiff, any right which she did not have; and there is nothing in the assignment, to which the assistant secretary assented, to justify the assumption that such officer was waiving, on the part of the company, its right to insist that the prior verbal agreement between Mrs. Blume and the plaintiff was not effectual to impose any liability on the company which it had not assumed by the issuance of its policy.

The invalidity of the policy after the attempted transfer thereof by Mrs. Blume to the plaintiff in connection with the conveyance of the property was not the result of any forfeiture on account of condition subsequent. The contract of insurance came to an end because the subject matter of the contract—that is, the insurable interest of Mrs. Blume—had ceased to exist. The assent of the company to a new obligation on its part toward this plaintiff was a condition precedent, without compliance with which

no new contract could arise. What is said in the case of *Woodman Acc. Ass'n v. Pratt,* 62 Neb. 673 (87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777), in relation to forfeitures not being favored, has therefore no application, and plainly the case is not in point, as it does not involve a contract of fire insurance which in its nature differs, in respect to assignability, from a contract of accident insurance. The difficulty alleged in plaintiff's petition of securing the assent of the assistant secretary to an assignment of the policy would not in itself give rise to any right on the part of this plaintiff to become the assured under the policy, in the absence of the assent on the part of the company, which was required by its by-laws to be given before any new obligation on its part could arise; and it is not claimed that there is any provision in the by-laws authorizing an assistant secretary to create new obligations of insurance otherwise than by giving his assent to an assignment of an existing policy, made in his presence. For these reasons, the cases of *German Ins. Co. v. Rounds,* 35 Neb. 752 (53 N. W. 660), and *Beebe v. Ohio Farmers' Ins. Co.,* 93 Mich. 514 (53 N. W. 818, 18 L. R. A. 481, 32 Am. St. Rep. 519), relied on for appellant, are not in point.

III. The principal contention for the appellant in avoidance of the general rules of law relating to fire insurance above stated is that the defendant is a mutual company, and that the purpose of the members forming such an association must be to avoid many of the technical conditions which have been incorporated into old-line insurance policies. But, as applied to the defendant, in view of the provisions of its articles and by-laws, the argument goes in the other direction. Its articles declare that its object is to mutually insure the property of its members, and that a member wishing to withdraw shall notify the secretary and pay his pro rata share of the losses and expenses then pend-

5. SAME: mutual insurance: assignments: application of general rule.

ing; and in the by-laws it is declared that the association
will insure its members, their heirs and executors (no men-
tion being made of assigns), against loss or damage by fire
on certain described kinds of property; that no insurance
shall take effect until applied for as directed, and that a
policy shall be issued to the applicant, unless his applica-
tion is disapproved of by the secretary or board of directors,
thereby implying that the contract of insurance is entered
into only with those who are accepted by the association
as members, and the board of directors reserves the right
to cancel any policy if, in their judgment, it is expedient
to do so; that holders of unexpired policies are liable for
all assessments, and that members desiring to have policies
canceled must comply with certain regulations; that any
member disposing of property insured must have the policy
either canceled or transferred, in order to avoid further
liability to assessment; and that whenever, in the judgment
of the board of directors, it becomes necessary to make an
assessment to pay any loss or losses the secretary shall be
directed to make such assessment for which the members
shall be liable, and for nonpayment of which assessments
members shall stand suspended and be not entitled to re-
cover for any loss occurring while the delinquency exists.

It is not plain from the provisions of the articles and
by-laws who are the members of the association, or how
membership therein may be acquired. No doubt, it may
be assumed that persons to whom policies of insurance are
issued become members and remain members, so long as
they are holders of policies; but there is nothing to indi-
cate that one to whom no policy of insurance is issued can
be made a member by the action of one of the members of
the association in assigning to him, without the company's
consent, a policy of insurance in connection with the con-
veyance to him of the insured property. It is evidently
material to the company that it shall have knowedge of and
assent to the membership of one who is in a situation to claim

a payment from the company in the event of a loss; for such person must be subject to assessment for other losses occurring while he is a member. The consideration for his right to recover in case of loss is his liability to assessment for losses of others. Can it be pretended that, in consequence of the oral arrangement between Mrs. Blume and this plaintiff, the latter became liable to assessment, and would have remained liable during the term of the policy, had no loss occurred? The officers of the company would have had no information upon which they could make an assessment against plaintiff, and, so far as we can see, they would have had no right to make an assessment against this plaintiff, or to enforce it, if made. Of course, the making of an assessment against plaintiff and the payment thereof by him would have estopped the company from questioning his right to recover under the policy which had been made the basis of such assessment; but no facts constituting an estoppel are made to appear. As already stated, the assistant secretary assented only to an assignment to plaintiff of such rights as Mrs. Blume had after loss, and at that time the policy had ceased to be an executory contract and had become, if anything, an obligation to pay the amount of any loss which she had suffered. In no view of the case can we see any allegations in the petition entitling the plaintiff to maintain an action under the policy, and defendant's demurrer was properly sustained.

The judgment must therefore be *affirmed.*