Argued March 28, modified April 11, 1916.

# HAWORTH *v.* JACKSON.

(156 Pac. 590.)

**Equity—Jurisdiction—Remedy at Law.**

1. Equity will not grant relief against certain defendants on the mere allegation that they have no title or right to the personalty involved, since as to them the remedy is at law, either in replevin or trover.

**Equity—Accounting—Pleading—Remedy at Law.**

2. Complaint, in an action for a partnership accounting, alleging in substance that two of the defendants are wrongfully in possession of the personalty involved without title or right requires a dismissal as to such defendants on the ground that the remedy as to them is at law.

**Sales—Title of Holder of Purchase-money Note.**

3. The holder of a purchase-money note for personal property has no special property in such personalty, in absence of a showing that the note is past due.

**Pleading—Objections—Insufficiency.**

4. The insufficiency of the pleadings to state a cause of action may be raised at any stage of the litigation.

**Partnership—Accounting—Evidence—Sufficiency.**

5. Evidence *held* sufficient to show that an accounting of the affairs of a former partnership had been had prior to the suit seeking an accounting.

**Partnership—Dissolution—How Affected—Sale of Interest.**

6. The sale of the interest of one partner works a dissolution of the partnership, regardless of whether the consent of other partners was obtained, and might be accomplished at any time.

**Sales—Conditional Sale—Redemption—Pleading.**

7. A complaint, in an action for a partnership accounting, *held* not capable of construction as one for the redemption of the personal property involved from a conditional sale contract.

[As to law of conditional sales, see note in 94 **Am. St. Rep.** 234.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is a suit by J. Brooks Haworth and G. C. Haworth against Frank A. Jackson, Herman S. Burpee and E. R. Manning.

In substance, the plaintiffs declare that they and the defendant Manning associated themselves together and purchased an auto truck contracting to pay $3,815 for the same. The sum of $1,975 was paid in cash. The remainder was to be paid in four equal installments of $460 each. With this as a commencement, they formed a partnership according to a certain written agreement, which recites that the title to the property remained in the original owner, the Packard Company, until the full purchase ·price should be paid. They say they carried out all the stipulations of this contract, but that the defendant Manning misappropriated moneys to himself belonging to the partnership, did not keep full or true accounts of the moneys received from the earnings of the machine, and has failed to divide the profits of the business; that, although he was permitted to handle the moneys of the concern and pay therefrom its liabilities, he allowed the last installment of $460 to remain unpaid, and the plaintiffs were compelled to assume the payment of the note therefor then in the hands of the defendant Jackson. They charge the latter with knowledge of their interest in the property, and that he, well knowing that they had both a legal and equitable interest therein, "without any notice to the plaintiffs or either of them, attempted to execute an alleged and pretended transfer of the said auto truck to the defendant Herman S. Burpee, in order to cheat and defraud the plaintiffs, without any right either in law or equity so to do, and without in any way giving the plaintiffs or either of them a right to pay or redeem the same, and without taking any action either in law or equity seeking to enforce the ownership of the said truck or the equitable lien upon said truck." They further aver that they are ready, willing, and able to pay $315 principal and in-

terest thereon, which they say is the balance due on the last installment mentioned. They tender that amount into court for the benefit of Jackson or the owner and holder of the purchase price note. They pray for a decree dissolving the partnership between themselves and Manning; that they be adjudged to be the owners of the truck, subject to any claim which Manning or his assignees may have in the same; that the $315 tendered be declared to be full payment of the purchase price of the truck which is to be thereby freed from any lien on account thereof; and that the defendants, and each of them, be enjoined from claiming any interest in the same.

Manning challenges the complaint in important particulars, and amplifies the statement of plaintiffs about the source of title to the effect that the truck was bought from one Frank C. Riggs, with accessories, for a total of $3,990; that the agreement with Riggs was that the title should remain in him until the truck should be fully paid for, and that in case of default in the payment of any of the notes, Riggs should be entitled to the immediate possession of the truck and the interest of the defendant Manning should cease and determine; and that the plaintiffs paid to the defendant $940; and no more, on account of their interest in the property. He states also that prior to October 8, 1912, he sold all his interest in the machine to one Leonard Armstrong with the knowledge and consent of the plaintiffs; that thereupon the partnership between the defendant Manning and the plaintiffs was dissolved by mutual consent, and afterward they conducted the operation of the truck in partnership with Armstrong; that on the last-mentioned date he and the plaintiffs had a complete accounting and settlement of all matters pertaining to the partnership, whereby it was

ascertained and agreed upon between them that there were no moneys on hand belonging to the concern, and that it was indebted in the sum of $777.58, including the amount still due to Riggs of $460; that it was further thereby settled and agreed that Manning owed on the net indebtedness of the firm $162.10 and plaintiffs $615.48; that each should pay the balance thus ascertained; that he afterward did pay the amount assessed to him to divers of the creditors of the partnership; and that the plaintiffs have paid no part of the amount they agreed to pay. The plaintiffs denied all the new matter in Manning's answer.

Jackson recites the original agreement between Manning and Riggs, the transfer of the contract from the latter to himself, the default in the payment of the last installment, and aver that he thereupon seized the truck and canceled the obligation with Manning, and later still for a valuable consideration sold, transferred and delivered the truck to the defendant Burpee. Burpee traverses the complaint entirely, and says he purchased the machine from Jackson without any knowledge that the plaintiffs, or either of them, had or pretended to have any right, title, ownership or interest in the same; and that he is an innocent purchaser thereof. All the new matter in the answer of Jackson and Burpee is denied in reply. When the case came on for trial, Jackson and Burpee moved the court for a judgment in their favor and against the plaintiffs on the pleadings.

The court reserved its decision, and later, when by consent of the parties the original conditional sale note between Manning and Riggs was introduced in evidence, sustained the motion of Jackson and Burpee and dismissed the suit as to them with costs. Continuing the hearing, the court found that an accounting

had been made between Manning and the plaintiffs and a settlement had as alleged by Manning, and entered a decree in his favor dismissing the suit. From all these determinations, the plaintiffs appeal.

MODIFIED.

For appellants there was a brief and an oral argument by *Mr. W. B. Gleason.*

For respondent Frank A. Jackson there was a brief and an oral argument by *Mr. H. S. McCutchan.*

For respondents Herman S. Burpee and E. R. Manning there was a brief and oral argument by *Mr. Frank Schlegel.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1-4. As between the plaintiffs and Manning, this is a suit to dissolve the partnership and for an accounting concerning the affairs thereof. It is impossible to discern what interest or liability attaches to either Jackson or Burpee in relation to that matter. The allegations of the complaint utterly divorce them from any right or interest in the property involved. Taking that pleading most favorably for the plaintiffs as against Jackson, it appears therefrom that he was in mere possession of one of the notes given by Manning on account of the purchase price of the truck. Whether it was overdue or not is not stated. We could not therefore apply the doctrine of *Reinstein* v. *Roberts,* 34 Or. 87 (55 Pac. 90, 75 Am. St. Rep. 564), to the effect that a chattel mortgagee after condition broken has a qualified property in the pledged chattels. Hence the complaint does not disclose any title of Jackson in the truck. It is not even charged that

Jackson was the owner of the note. It is only said that it was in his hands. It is not stated that anyone deprived the plaintiffs of any title to or possession of the property. For all that appears, they may yet be in the custody and enjoyment of the machine. All they charge against Jackson is that "he attempted to execute an alleged and pretended transfer of said auto truck to the defendant Herman S. Burpee." They did not impute to the latter any act whatever, or attempt to profit by the doings of his alleged grantor. But supposing Jackson, "without any right either in law or equity to do so," using the language of the plaintiffs, had actually taken the truck away from them, even then they would have ample remedy at law by replevin or trover as against him or anyone claiming under him, provided, of course, they had the right to the custody of the property. Therefore a suit in equity will not lie for a redress of that grievance. The complaint does not state facts sufficient to constitute a cause of suit against Jackson or Burpee, and therefore there was no error in dismissing the proceeding as to them. This result is not dependent in any way upon the terms of the original agreement between Manning and Riggs. It rests solely upon the insufficiency of the primary pleading, which can be urged at any stage of the litigation.

5. Respecting the accounting, the testimony shows that G. C. Haworth was the father of J. Brooks Haworth. The articles of partnership provided that J. Brooks Haworth should be employed in the actual operation of the truck, while Manning should have charge of the funds and other business of the venture. There is no evidence whatever to sustain the allegation that Manning misappropriated moneys to himself. From the testimony of Mr. Moser, a certified public

accountant, whom Manning and the Haworths engaged to state the affairs of the concern, it appears that the books kept by Manning were not so correct as if they had been written by an expert bookkeeper, but that there is no indication from them that there was any dishonesty on his part. At the request of all the partners, Moser stated the account between them, using the books and other data which they furnished to make up a report of the affairs of the concern. This *résumé* was signed by the elder Haworth and Manning. J. Brooks Haworth testified thus:

"Q. When this signed statement that has been offered in evidence was signed, by your father and Mr. Manning, where was that?

"A. At Mr. Moser's office.

"Q. At whose request was that had?

"A. You mean the accounting?

"Q. Yes.

"A. The request was made by all four of us, to get the business settled up. * *

"Q. Your father told Manning he wanted an accounting, before this was made up? And they went down there to see what kind of a statement could be made up?

"A. That is the statement that was made up.

"Q. Were you present?

"A. Yes.

"Q. Did you make any objections to that to Mr. Manning?

"A. That copy right there [indicating]?

"Q. Yes.

"A. I made no objections to it, no.

"Q. Did you hear your father make any objections to Mr. Manning about it, not what he said to you?

"A. No objections to the accounting; the accounts were all correct, I guess."

Moser testifies that all parties were present when the rough draft of the statement was prepared by him,

and that they afterward came back to inspect the type-written copy which was signed as already mentioned. No testimony was offered by any of the defendants. That produced by the plaintiffs shows clearly that an accounting was made.

6. The sale of Manning's interest to Armstrong worked out a dissolution of the partnership, and it was not necessary that the consent of the plaintiffs be obtained; "for what a man hath that also can he sell."

"In most jurisdictions, in this country, although not in England, a partner may work a dissolution of the firm by withdrawing or selling his share in the partnership or by selling the entire firm's property without the consent of his copartners": 30 Cyc. 653.

This rests upon the doctrine that, while a partner may thus withdraw from the firm, he cannot force upon his former associates a new one without their consent. All that remains is the obligation to account to the original partners concerning the transactions of the late firm.

7. It is impossible to construe the complaint as one to redeem the property, and there is no evidence before us by which we could frame such a decree, even though the pleadings would sustain it. There is enough, however, in the record to justify us in affirming the decree of the Circuit Court with this modification, that it be without prejudice to the right of the plaintiffs or of Manning or anyone claiming under either of them to bring suit to redeem the truck, as indicated in *Mc-Daniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33).

It is so ordered.                                   MODIFIED.

MR. JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.