Argued February 6, affirmed February 25, 1919.

## HAWORTH *v.* JACKSON.

(178 Pac. 926.)

**Appeal and Error—Review—Construction of Decision.**

1. A decision of the Supreme Court, affirming a decree which provided that it should be without prejudice to the rights of the successful litigants to bring a suit of the nature indicated, is not an adjudication in favor of such litigants, and amounts to no more than a holding that the decree affirmed should not be considered as a bar.

**Pleading—Construction—Variance from Contract.**

2. Where the complaint set out the contract on which suit was based, *held*, that the terms of the contract, in so far as they differed from the allegations in the complaint, govern.

**Sales—Conditional Sales.**

3. Under contract of conditional sale of a motor truck, *held* that, where the buyer disposed of his interest in violation of the agreement, the seller or assignee of the seller might retake the truck from purchasers of buyer's interest, and keep payments as rental.

[As to conflict of laws in respect to right of innocent purchaser from conditional vendee, see note in **Ann. Cas.** 1916A, 880.]

**Sales—Conditional Sale—Notice.**

4. Where the buyer of a motor truck under a conditional sale contract disposed of his interest in violation of the contract, and the purchasers thereof were never recognized by the original seller, *held* that, though seller received payments thereafter, the purchasers were not entitled to notice of the seller's election to claim default on account of failure to complete the payments.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

After alleging the corporate character of the defendant Hawthorne Dock Company, the complaint in this suit states that on March 26, 1912, Manning purchased from Riggs a Packard truck for $3,815, one half of which was paid in cash on that date and that at the same time, as payment of the balance, Manning made, executed and delivered to Riggs his promissory and contract note, which is set out in full in the complaint. That instrument in the phrasing of an ordinary promissory note first provides for the payment

of $1,840 in four monthly installments of $460 each, with interest, the first to be paid May 12, 1912, and one of the other three on the same day of each of the three next succeeding months. It then proceeds as follows:

"This contract is given upon and for the sole consideration that Frank C. Riggs, hereinafter referred to as the second party, has agreed that upon the payment of the sum above mentioned, as above set forth, time being of the essence thereof, the second party will sell, transfer and deliver unto the undersigned, the following described personal property, to wit: One Packard three-ton truck number 31,479, which said property had been intrusted to the care of the undersigned. It is expressly agreed that the said property so intrusted is the property of the second party, and shall so remain until the second party shall make the aforesaid sale and transfer, after all payments have been made, as above provided.

"The undersigned hereby agrees to keep said property in good repair and condition, and to take the best care of the same, keeping it insured in favor of the said second party, or his assigns, in a sum sufficient to cover his or their interest therein at all times. In case of default of payment of any amount due, as above provided, or in case the undersigned shall part with the possession of the said personal property, the said second party or his assigns shall have the right, at his or their option, to the immediate possession thereof, and to retain all sums previously paid, as the agreed and reasonable rental for the use of said personal property by the undersigned, and this contract shall then terminate and end, upon the retaking possession of said personal property by the said second party, or his assigns. It is, however, understood that upon the failure of the undersigned to make said payments promptly, as hereinbefore provided, the second party or his assigns shall have the option as to whether he or they shall receive back said personal property,

91 Or.—18

and shall have the right and power to determine whether he or they shall insist upon the payment of the full sum, as hereinbefore provided, and to decline to receive back said personal property, in which event the undersigned is to be liable for the full sum hereinbefore agreed to be paid.''

It is admitted that Riggs delivered the possession of the truck to Manning and the plaintiffs say that afterwards, about April 23, 1912, Manning, being in possession of the truck, sold and transferred to the Haworths a half interest therein at a price agreed upon between them, and the Haworths then took possession of the truck jointly with Manning. They further aver that prior to October 8, 1912, Manning sold the remaining half interest in the machine to the plaintiff Armstrong, who took possession thereof jointly with the plaintiffs Haworth. It thus appears on the face of the complaint that Manning parted with the possession of the truck by transferring it to strangers to the contract. It is stated that the plaintiffs or their assignors paid to Riggs or his assigns all of the contract price except $315 with interest thereon; that after those payments had been made Riggs transferred all of his interest in the contract to the defendant Jackson, after which the latter took possession of the truck, without notice to the plaintiffs or to either of them, without giving them an opportunity to redeem or to pay off the note, and, without any suit to foreclose, pretended to sell the truck to the defendant Burpee, who afterwards ''made an alleged, purported and pretended sale'' thereof to the Hawthorne Dock Company. Alleging a tender about December 5, 1912, by the plaintiffs Haworth to Jackson of the sum of $315 which he refused, and they now bring into court, the plaintiffs pray that the court fix the amount due

on the contract, transfer by decree the title of the truck from whosoever may claim the same to the plaintiffs, and for further relief.

The defendants traverse the complaint in material particulars and, admitting the contract set out in the complaint, Jackson claimed as assignee thereof and of the truck by transfer from Riggs. He sets up a breach of the terms of the agreement by Manning in the transfer to the Haworths and Armstrong, and other violations for want of proper care of the machine and a demand of Manning that he pay the balance claimed, his refusal, and avows the seizure of the truck. He also pleads that the plaintiffs ratified and confirmed the seizure and entered into negotiations for the purchase of the machine from Jackson, which they failed utterly to consummate.

After issue was joined on the new matter in the answers and the court had heard the testimony and argument, a decree was entered dismissing the suit, and the plaintiffs appeal.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. Plowden Stott* and *Mr. John T. McKee,* with an oral argument by *Mr. Stott.*

For respondents there was a brief and an oral argument by *Mr. H. S. McCutchan.*

BURNETT, J.—This suit seems to be an aftermath of *Haworth* v. *Jackson,* reported in 80 Or. 132 (156 Pac. 590). There, the effort was to wind up the partnership alleged to have existed between the Haworths and Manning, and that upon the settlement of the accounts and the application of the deposit of $315 upon the purchase price of the truck the plaintiffs there be declared to be the owners of the truck and

that the then defendants, Jackson, Burpee and Manning, be enjoined from claiming any interest in the property. From an adverse decision in the Circuit Court the Haworths appealed and it was held here that on the merits of the partnership transaction there had been a settlement thereof agreed to by the former partners, and that the complaint was not sufficient as one to redeem the truck, besides which there was no evidence upon which such a decree could be framed. The decision of the Circuit Court was affirmed, but "without prejudice to the right of the plaintiffs or of Manning, or of anyone claiming under either of them, to bring suit to redeem the truck as indicated in *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33)." The plaintiffs in the present suit contend that the modification noted in the former decision became the law of the case and that they were conclusively given the right to redeem the truck.

1. As a preliminary question, it is necessary to determine the effect of dismissing a suit "without prejudice." In the early case of *Lang's Heirs* v. *Waring,* 25 Ala. 625 (60 Am. Dec. 533), in discussing this phrase the court said:

"The effect of such reservation in the decree for dismissal is to prevent such decree from constituting a bar to another bill brought upon the same title; but it by no means compromits the court as a judicial determination in favor of such title. In so far as the former decision leaves the questions for discussion open, we must address ourselves to them as though they were for the first time before us."

Also, in *Taylor* v. *Slater,* 21 R. I. 104 (41 Atl. 1001), the court said:

"The effect of such a decree is stated in *Reynolds* v. *Hennessy,* 17 R. I. 169, 175 (23 Atl. 639), thus: 'The

intention and effect of such a reservation in a decree are, by express terms, to prevent it from operating as a bar to another suit. A dismissal "without preju-. dice" leaves the parties as if no action had been instituted.' It gives to a complainant the right to state a new and proper case, if he can; but it takes away no right of defense to such suit on any ground, other than that of the judgment as a bar."

See, also, Beach Mod. Eq. Pr., §§ 643, 644; *O'Keefe* v. *Irvington Real Estate Co.,* 87 Md. 196 (39 Atl. 428) ; *Burton* v. *Burton,* 58 Vt. 414 (5 Atl. 281) ; *Newberry* v. *Ruffin,* 102 Va. 73 (45 S. E. 733).

These precedents teach us that the only effect of the clause "without prejudice" is to prevent the decree in which it appears from becoming a bar against the losing party, in any future litigation he may institute. To that extent only does it become "the law of the case." As applied to the present controversy it did not give the plaintiffs a right to redeem. It only left the matter open for their benefit if they could avail themselves of it. Beyond this it has no effect on subsequent litigation. The result, therefore, of the modification was to give the plaintiffs an opportunity to state a case if they could, indicating *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33), as a possible precedent in their favor. It remains to be seen whether or not they have a complaint upon which the court can grant them relief.

2. They say that Manning bought the truck, but the contract they plead shows conclusively that he did not buy it but merely contracted to do so, leaving the absolute title in Riggs. The writing controls the complaint in the attempt of plaintiffs to stamp the transaction as a sale. At best it was only a conditional sale whereby the property was not to pass until full payment of the purchase price. Consequently, Manning

had no title which he could transfer to the plaintiffs in derogation of his contract. Riggs did not reserve the property as for security. He declined to part with the title. It remained with him absolutely. This condition, which does not appear in *McDaniel* v. *Chiaramonte,* is part of the instrument here involved:

"In case of default of payment of any amount due, as above provided, or in case the undersigned (Manning) shall part with the possession of the said personal property, the said second party or his assigns shall have the right, at his or their option, to the immediate possession thereof, and to retain all sums previously paid, as the agreed and reasonable rental for the use of said personal property by the undersigned, and this contract shall terminate and end, upon the retaking possession of said personal property by the said second party, or his assigns."

3, 4. When, as the plaintiffs plead, Manning parted with the possession of the property and transferred it to them, the right of Riggs or his assigns to keep the payments as rental and retake the truck immediately attached. Under this stipulation, Jackson was not rescinding the contract by seizing the machine. He was pursuing the terms of the stipulation to fulfillment. The plaintiffs show no right to set aside this covenant. Their title cannot rise higher than its source, which is found in the Manning contract they plead. Riggs did not contract with them, neither did any of the defendants. The complaint does not show even that Riggs or the defendants had notice of the actions or claims of the plaintiffs. For all that appears in the complaint the owner of the property found it in the hands of strangers and as of right he took possession of it and sold it.

In their brief the plaintiffs argue that although time is made the essence of the contract, still acceptance of

payments after due, constitutes a waiver of this condition, so that if the seller intends to claim default he must then give notice to the purchaser. No such waiver, however, is pleaded, and in the absence of an agreement to take the plaintiffs as contracting parties instead of Manning, no notice would be due to them from the seller or his assigns. The complaint does not establish privity of contract or of estate in the property between the plaintiffs and the defendants. We cannot make contracts for parties. No doubt, the plaintiffs acted unwisely in attempting to buy the truck from someone who had no title, but we cannot help that situation of affairs.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.