Argued by appellants and submitted on brief by respondents March 30, affirmed April 20, rehearing denied July 6, second petition for rehearing denied July 20, 1926.

# MARGARET STRONG ET AL. *v.* BEN H. MOORE ET AL.

### (245 Pac. 505.)

**Vendor and Purchaser—Plaintiffs, Who Paid Land Owners Certain Sum, With Agreement That Latter Should Convey When Certain Other Sums were Paid, but Who Did not Agree to Buy, Held to have "Option."**

1. Plaintiffs, who paid land owners certain sum, with agreement that latter should convey when certain other sums were paid, but who did not agree to buy, *held* to have "option," which is offer to sell property, and conveys no title until its precise terms are accepted and its conditions unconditionally performed.

**Insurance—Holders of Option to Buy Insured Property, Who were not Parties to Fire Insurance Policy, Held not Entitled to Insurance After Destruction of Property.**

2. Holders of option to buy insured property, who were not parties to policy, *held* not entitled to insurance money when property was destroyed by fire, since fire insurance policy is personal contract with insured, which does not run with land or pass to purchasers, and cannot be assigned without consent of insurer.

**Pleading—Where Complaint Stated That Plaintiffs Owned Certain Property, but as Confirmation Thereof Referred to Attached "Contract of Sale," Which Showed Only Option, Language of Alleged Contract will Control.**

3. Where complaint stated that plaintiffs owned certain property, but as confirmation thereof referred to attached "contract of sale," which showed only option, language of alleged contract will control.

---

Fire Insurance, 26 C. J., p. 18, n. 5, p. 130, n. 77.
Pleading, 31 Cyc., p. 564, n. 13.
Vendor and Purchaser, 39 Cyc., p. 1232, n. 99, p. 1237, n. 18, p. 1238, n. 19, 22.

1. See 27 R. C. L. 334.
2. Destruction of or damage to building as affecting rights of parties to option to insurance money, see note in 23 A. L. R. 1225. See, also, 27 R. C. L. 347, 558.
3. See 21 R. C. L. 447.

From Multnomah: GEORGE F. SKIPWORTH, Judge.

Department 1.

AFFIRMED.     REHEARING DENIED.

For appellants there was a brief and oral argument by *Miss Emma G. Robinson, in propria persona.*

For respondents there was a brief over the names of *Messrs. Joseph, Haney & Littlefield, Mr. R. E. Sewall, Mr. A. P. Dobson* and *Mr. Guy C. H. Corliss.*

BURNETT, J.—There is involved herein a tract of realty in Portland, Oregon. On June 8, 1920, parties whom we will call the Browns were the owners of that property. The complaint says it was insured against loss by fire in the sum of $34,000, but in whose favor is not stated. Although the complaint, in the body thereof, says that the Browns sold the property to the plaintiffs herein, yet as confirmation thereof they refer to a copy of the Contract of Sale, so-called, attached to the complaint, which they style Exhibit "A." That document

"WITNESSETH: In consideration of the sum of One Thousand Dollars this day deposited with the owners by the purchaser, receipt whereof is hereby acknowledged, the owners hereby agree to sell and convey unto the purchaser by good and sufficient warranty deed the following described real property, to-wit: The West 55 feet of Lot 5 and the West 55 feet of the South 8 feet of Lot 6, in Block 251 in the City of Portland, Multnomah County, Oregon.

"The total purchase price to be paid for said property is $36,000.00 to be paid as follows: $1000.00 cash this day paid as above set out, $10,000.00 cash on delivery of deed, $25,000.00 in the form of a promissory note, to be secured by first mortgage upon the above described property, said note and mortgage to

be executed and delivered at the time of delivery of deed, and to be dated at that time and to be payable on or before five years after date and to bear interest at the rate of 6% per annum, payable semi-annually.

"The owners agree to forthwith furnish complete abstract of title to the above described property, the same to show said property to be free and clear of all liens and encumbrances excepting the second one-half taxes for the year 1919, which are payable on or before October 5, 1920, and which the purchaser agrees to assume and pay in addition to the purchase price above mentioned.

"In the event that the title to said property proves valid and marketable, and the purchaser fails to consummate the purchase within thirty days from the date of the approval of title, the $1000.00 deposit paid as above set out shall become forfeited and be retained by the said owners. In the event the purchaser so desires deed will be made to Margaret H. Strong and note and mortgage will, in that event, be signed by Margaret H. Strong and the mortgage will be signed by the husband of Margaret H. Strong."

Afterwards, according to another exhibit attached to the complaint and made a part thereof, the Browns conveyed the property to the Moores, all as appears by the complaint, with the consent of the plaintiff. As part of the same transaction the Moores executed the following document, attached to the complaint as a part thereof, called Exhibit "C."

"Know all Men by These Presents, that we, B. H. Moore and Mable E. Moore, husband and wife, in consideration of the sum of One ($1.00) Dollar and other good and valuable considerations paid by Margaret H. Strong and Kate R. Henderson, receipt of which is hereby acknowledged, we do hereby give and grant, and by these presents do give and grant unto the said Margaret H. Strong and Kate R. Henderson the exclusive right to purchase or sell the following described real property, to-wit:

"The West fifty-five (55) feet of Lot Five (5) and the West fifty-five (55) feet of the South eight (8) feet of Lot six (6), in Block 251, of the City of Portland, Multnomah County, State of Oregon, for a period of six months from this date, and for the following amounts of money, to-wit:

"Thirteen Thousand Five Hundred ($13,500.00) Dollars cash and assuming and agreeing to pay a note and mortgage this date executed for the sum of $25,000.00, bearing interest at the rate of Six (6) per cent per annum, payable semi-annually, and in addition thereto any and all sums of money paid for repairs and improvements on said real property, but which said amounts of money for betterments and improvements shall not be due and payable until six months after the $13,500.00 has been paid, the amount of said betterments and improvements to be secured.

"We agree to furnish a complete abstract of title to the above described property, the same to show said property to be free and clear of all liens and encumbrances, excepting the mortgage for the sum of $25,000.00 above mentioned. We agree, upon the payment of the sum of $13,500.00 as herein above provided, that we will execute a full warranty deed to the above described real property in favor of Margaret H. Strong and Kate R. Henderson, or either of them, and deliver the same as herein above set forth, said deed to show said property free and clear of all encumbrances, excepting the mortgage above mentioned.

"Time is the essence of this contract, and in the event that the foregoing option is not exercised on or before January 15, 1921, then the said Margaret H. Strong and Kate R. Henderson shall have no further rights or interests under this agreement as to the real property above described."

On August 7, 1920, the building on the property was destroyed by fire and the Moores collected the insurance, amounting to $34,000. Afterwards, during the month of December, 1920, the plaintiffs claim to have tendered to the defendants, Moores, $13,500; and

demanded a transfer of the property to the plaintiffs. They say that the defendants tendered to the plaintiffs "solely a deed to said land and said building, as damaged by said fire, subject to a mortgage of $25,000," and kept the insurance money. The plaintiffs assert that ever since December 16, 1920, they have been ready, willing and able to pay and did offer to pay the defendants Moore $13,500, and now offer to pay to them whatever the court finds due to them.

The prayer for relief is substantially that the defendants be decreed to hold the property as security for payment of a debt for $13,500, that the defendants be required to account for the property and all sums received on account thereof, and that they be barred from any claim therein. This complaint was traversed in material particulars. The Circuit Court dismissed the suit, decreeing that Effie E. Arnett, a defendant, is the owner in fee simple of the property involved, and the plaintiffs have appealed.

1. There are two fallacious contentions advanced by the plaintiffs as the basis of their grievance. The first is that they had a contract of sale of the property involved, whereas in fact, according to the documents which they propound and attach as exhibits to their complaint, they only had options to buy the property. In neither of the documents quoted do they agree to buy the property. Having paid a valuable consideration for the option, they could have enforced it and procured title only by paying according to its terms, but they did not. These same documents were construed by this court as options in *Strong* v. *Moore,* 105 Or. 12 (207 Pac. 179, 23 A. L. R. 1217), in an opinion by Mr. Justice HARRIS. Nowhere, in either of the instruments, do the plaintiffs or their representative agree to buy. At any time they could

have abandoned their option and none of the defendants could have compelled them to pay for or take title to the realty involved. Hence the plaintiffs never had any interest in the property at any time.

2. The other fallacious contention is that they were the owners of the insurance money. They say in the complaint that the property was insured, but they do not say that it was insured for their benefit. They do not claim to have paid anything to secure the insurance and do not assert in any way that they were ever parties to any policy of insurance on the premises. As stated in *New England Loan & Trust Co.* v. *Kenneally,* 38 Neb. 895 (57 N. W. 759),—

"The general rule of law is that a policy of fire insurance is a personal contract with the party insured, and does not run with the land or pass to the purchasers by a sale of the premises or property insured, and any assignment of the policy must be with the knowledge and consent of the insurer."

This case was virtually decided in *Strong* v. *Moore,* 105 Or. 12 (207 Pac. 179, 23 A. L. R. 1217). That precedent is controlling here. The law is the same now as then. The effort of the plaintiffs seems to be to make the insurance, for which they paid nothing and never owned, applicable to the payment of the sum required to be paid by them under their option contract. Although they allege themselves to be the owners of the property, yet the instruments upon which they rely do not sustain their averment.

"If there be any discrepancy between the averments of a pleading and the terms of a writing properly identified or attached to a statement of facts constituting a cause of action or a defense, the language of the exhibit will control in determining its legal effect: 31 Cyc. 563; *Patrick* v. *Colorado Smelt-*

*ing Co.,* 20 Colo. 268 (38 Pac. 236); *Lewy* v. *Wilkinson,* 135 La. 105 (64 So. 1003).''

*Somers* v. *Hanson,* 78 Or. 429 (153 Pac. 43); *Haworth* v. *Jackson,* 91 Or. 272 (178 Pac. 926); *Cranston* v. *California Ins. Co.,* 94 Or. 369 (185 Pac. 292); *First Nat. Bank* v. *Bach,* 98 Or. 332 (193 Pac. 1041); *O'Neill* v. *Twohy Bros.,* 98 Or. 481 (190 Pac. 306); *Young* v. *Evans,* 104 Or. 619 (208 Pac. 741). Options are only offers to sell property, and until accepted and their conditions unconditionally performed, they confer no title to realty. To develop an offer into a contract requires its acceptance in its precise terms. Appending new conditions amounts only to a counter-offer which is not binding on the party who granted the original option.

3. In brief, having only an option, the plaintiffs have never paid anything upon the same and even have conditioned their mere offer to pay to the effect that the insurance money, in which they never had an interest, must be applied to the payment of the amount required of them by the option. Not having performed the terms of the option which they had, the plaintiffs have no standing to assert any interest in the property or to have the relief demanded by them in this suit.

The decree of the Circuit Court is affirmed, with costs.            AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and COSHOW and RAND, JJ., concur.