A. H. BROWN, RESPONDENT, v. WM. HARPER, WM. RUSBERRY AND H. STEWART, APPELLANTS.

MECHANIC'S LIEN ASSIGNABLE.—Although the right to perfect a lien by filing notice, under the Act concerning liens of mechanics, is a privilege to be exercised by the person performing the labor or furnishing the materials, when the lien is perfected it is assignable.

APPEAL from Baker County.

This suit was brought by Brown, assignee of Starr and others, to foreclose mechanic's lien, procured by them and

assigned to Brown, for labor and material furnished Harper & Rusberry, and for the sale of property for the benefit of plaintiff, and also to cut off a similar lien of Stewart's for labor and material furnished to aid Harper & Rusberry.

Defendants filed a general demurrer, which was overruled and judgment given for plaintiff. Other proceedings, but having no important bearing in the case, were had in the Court below.

*R. A. Pierce and C. G. Curl,* for Appellants.

A mechanic's lien is a personal right, and not assignable without special authority in the statute. (*Caldwell* v. *Lawrence,* 10 Wisc. 331; *Pierson* v. *Ficher,* 36 Me. 384; 2 Washb. Real Prop. 563; Houck on Liens, 205; *Roberts* v. *Fowler,* 3 E. D. Smith, 632; Mis. Laws, ch. 32, § 10.)

*I. D. Haines,* for Respondent.

Choses in action are assignable. (Cal. Prac. Act, 5; 18 Cal. 127; 12 Cal. 98; 13 Cal. 123; 2 Kern. 625.) Mechanics' liens are assignable. (3 E. D. Smith, 632; 20 U. S. Digest, 101, §§ 8, 9.) Liens of material-men are assignable. (1 Estee Pl. 73; 4 Abb. Dig. 4, § 10.) Must be assigned in writing. (7 Cal. 389.) Is in the nature of a mortgage. (Cal. Dig. 722.)

By the Court, UPTON, J.:

This is an appeal from a judgment or decree foreclosing mechanics' liens. The point of objection made by the appellant is that the complaint does not state facts sufficient to constitute a cause of action or suit, in that the plaintiff sues as assignee, and that liens for labor and material under the statute (Mis. Laws, ch. 32) are not assignable.

Notices of these liens were filed by parties performing the work and furnishing the materials, and they were assigned to the plaintiff after the liens were perfected. The authorities cited by the appellant sustain the position that under statutes similar to ours the lien cannot be perfected by an assignee,—and that seems to be fairly inferable from §§ 1 and 2 of our statute,—but I think none of these au-

thorities support the position that the perfected lien cannot be assigned.

The appellant claims that such assignment is inconsistent with the requirements of ₰ 10 of the statute, and that the owners of the building have a right that satisfaction be entered by the original lien-holder. The language is, "Whenever any person *having* a lien by virtue of the provisions of this title shall have received" payment, he shall "enter satisfaction of his demands," etc. I do not think there is anything in this section conflicting with the idea of the assignability of the perfected lien. The cause of action for the work and material, aside from the lien, was assignable and might have been reached by garnishee process. If this demand had been levied upon by a creditor before assignment but after the lien was perfected, I cannot think such an indebtedness for work and material, when transferred by judicial sale, or enforced by decree for the benefit of the creditor, would be treated as divested of the character of a lien. I think there is nothing in the statute that necessarily leads to the conclusion that a perfected lien is not assignable.

The authorities cited by the appellant treat the *right to assert and perfect* the lien as a personal privilege not transferable. So our statute provides "that any person who shall"   *   *   *   "perform labor," etc., shall have a lien upon filing the notice, etc.; and "any *person* wishing to avail *himself* of the provisions of this title,"   *   *   * "shall file," etc. I think when he has availed himself of these provisions and his rights have become settled and vested, there is no longer an occasion for exercising his personal option, and his rights are no longer in the nature of a privilege that must be exercised or enjoyed by him personally in order to be valid.

The record, as presented by the transcript, is somewhat incomplete in not showing the time of filing some of the motions passed upon by the Circuit Court, and it is therefore difficult to determine whether the defendant was in default or whether he was entitled to a hearing on the demurrer, or to say whether this should be deemed a judg-

ment for want of answer, and consequently not appealable. But, as upon the merits presented by the demurrer, we should arrive at the same conclusion that was reached in the Circuit Court, these questions become immaterial for the purposes of this cause.

The decision of the Circuit Court should be affirmed.