[ Filed October 27, 1890.]

## JOHANNA CASPARY, APPELLANT, *v.* THE CITY OF PORTLAND, RESPONDENT.

PLEADING—EXHIBITS.—An exhibit may be made a part of a pleading by marking it so that it may be identified and reciting in the pleading itself that such exhibit is so marked and made a part of it, *aliter*, though filed with the pleading and numbered as schedule 1.

MUNICIPAL CORPORATIONS—WRONGFUL ACT OF OFFICER.—A municipal corporation is not generally liable for the wrongful act of an officer, and in the few cases where it may be liable, it must be made to appear that such officer was not an independent public officer, and that the wrong complained of was done by such officer while in the legitimate exercise of some duty of a corporate nature, which was devolved upon him by law or by the direction of the corporation.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

The only question presented on this appeal is the sufficiency of the plaintiff's complaint, which is as follows:

"*Johanna Caspary and J. Octavia Caspary, Plaintiffs,* v. *The City of Portland, Defendant.*

"Johanna Caspary and J. Octavia Caspary, the plaintiffs in this action, complain of the defendant herein and

(1) 33 Am. Rep. 717.

for cause of action allege: That the defendant, the City of Portland, is a municipal corporation created by and existing under a law of the State of Oregon, entitled 'An Act to incorporate the City of Portland,' approved October 24, 1882, and acts amendatory thereof; that during all the times hereinafter mentioned the plaintiffs were and now are the owners of and entitled to the possession, in their own right, of all the personal property described in the following schedule No. 1, and that the same was of the value stated therein; that all times herein mentioned the plaintiffs were and now are entitled to the possession of the personal property described in the following schedule No. 2, as bailees for one Jos, Windle, and that it was all of the value stated in said schedule No. 2; that the defendant, the City of Portland, on or about the first day of November, 1888, unlawfully took and carried away all of the above-mentioned and described property, and unlawfully converted and disposed of the same to its own use, to the damage of plaintiffs in the sum of $2,069.85; wherefore plaintiffs demand judgment against defendant for $2,069.85, and for their costs and disbursements herein."

The name of the court, verification and signatures are omitted.

A demurrer was interposed, which was sustained, and final judgment rendered thereon, from which the plaintiff has appealed.

*H. T. Bingham,* for Appellant.

Omitting the fiction of casual loss by plaintiffs and the finding by defendant, the complaint in this action contains all the essentials of a declaration for trover and conversion, as given in Chitty's Plead., Vol. 2, p. 835, *et seq.* In *Ramsby* v. *Beazley,* 11 Or. 50, this court has given various definitions of conversion. "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it." Cooley on Torts, 448. "It may be laid down as a general principle," says Mr. Bigelow, "that the assertion of a title to, or an act of

XIX. OR.—32.

dominion over personal property inconsistent with the right of the owner, is a conversion." Bigelow's Lead. Cases on the Law of Torts, 428; Hill on Torts, § 3, p. 97. So also in the case of *Budd* v. *Multnomah St. Ry. Co.*, 12 Or. 274, does this court define what is a conversion: "The wrong lies in the interference with the owner's right to do as he will with his own. Whosoever does this in any manner subversive of the owner's right to enjoy or control what is his own, is guilty of conversion." When the conversion is direct, as by an illegal taking of the chattel, or a wrongful assumption of property, or a misuse of it, the conversion is complete without a demand. *Gilmore* v. *Newton*, 9 Allen, 171; 85 Am. Dec. 747; *Alden* v. *Pearson*, 3 Gray, 342; *Paige* v. *O'Neal*, 12 Cal. 483; *Hexter* v. *Schneider*, 14 Or. 187; *Moorhouse* v. *Donaca et al.*, 14 Or. 430; *Ruiter* v. *Plate*, 77 Iowa, 17. An allegation in a complaint that defendant "converted" the property in question to his own use is an allegation of fact, and is sufficient; and the plaintiff is not bound to allege the particular act or acts which constitute the conversion complained of. *Burney* v. *Drexel*, 33 Hun, 34; 63 How. Pr. 474; *Green* v. *Palmer*, 15 Cal. 411; 76 Am. Dec. 492. It seems to us the complaint should have been held sufficient.

*W. H. Adams*, for Respondent.

1. The complaint does not state facts sufficient to constitute a cause of action. The schedules attached to the complaint are no part of the complaint, hence there is no description in the complaint of the articles which plaintiffs claim were appropriated to the use of the defendant, nor any allegation of their value. *Plunkett* v. *Black*, 117 Ind. 14; *City of Los Angeles* v. *Signoret*, 50 Cal. 298; *Brooks* v. *Paddock*, 6 Col. 36; *Buck* v. *Fischer*, 2 Col. 185; *Bowling* v. *McFarland*, 38 Mo. 465; *Gebhard* v. *Garnier*, 12 Bush, 325; 23 Am. Rep. 721; *Hill* v. *Barrett*, 14 B. Mon. 83.

2. The property converted must be described in the complaint with reasonable certainty. *Edgerly* v. *Emerson*, 23 N. H. 555; 55 Am. Dec. 207; *Pierson* v. *Townsend*, 2 Hill, 550.

3.  And the value must also be alleged.  *Connoss* v. *Meir,* 2 E. D. Smith, 314; *Jones* v. *Rahilly,* 16 Minn. 320.

4.  If the officers of the city acted unlawfully, the wrong is theirs and not the defendant's.    *Everson* v. *Syracuse,* 100 N. Y. 577; *Jolly, Admx.,* v. *Hawesville* (Ky.), 12 S. W. Rep. 313; *Mayor etc. of Jersey City* v. *Kiernan,* 50 N. J. L. 246; *Cushing* v. *Bedford,* 125 Mass. 528.

5.  The city must have been authorized to act before it can be held liable for a tort.    *Hawks* v. *Charlemont,* 107 Mass. 417; *Buttrick* v. *Lowell,* 1 Allen, 174; 79 Am. Dec. 721; *Anthony* v. *Inhabitants of Adams,* 1 Met. 285.

STRAHAN, C. J., delivered the opinion of the court.

To sustain the ruling of the court below, counsel for the respondent has argued two propositions in this court:

First—That the schedules mentioned constitute no part of the complaint, and that therefore the complaint contains no description of the property alleged to have been converted or statement of value; and,

Second—That the defendant being a municipal corporation, and necessarily acting through its officers, it ought to appear that at the time of the alleged wrongful acts the officers were engaged in the performance of some corporate act, or that the officer doing the act was not an independent public officer.

These questions will be examined in the order stated.

1.  The facts constituting the plaintiff's cause of action must be alleged in the complaint.  The appellant's counsel insists that taking the complaint and schedules referred to together, they do contain every allegation necessary. We think that must depend on whether or not the schedules constitute a part of the complaint.  The schedules contain various items of personal property, and opposite each item are figures showing the value thereof; but they are in no way identified or marked as exhibits, nor is it stated in the pleading that they are attached or made a part of it.  If these schedules had been marked so that they could be identified with certainty and then annexed

to the complaint as a part thereof, and these matters had appeared in the complaint, we think, according to the constant practice in this State, they would constitute a part of the pleading, not for the purpose of supplying necessary allegations therein, but for the purposes of description and itemizing the values. It is true, some of the authorities cited by respondent's counsel hold that exhibits cannot be made a part of the pleading, but for the purposes above indicated the practice in this State has been otherwise, since the adoption of the Code, and we are unwilling to disturb it. But to make an exhibit a part of the record, it must be attached and identified, as in *Morrison* v. *Crawford,* 7 Or. 473. It is true in that case the exhibits were attached to a bill of exceptions, but as much certainly ought to be observed in the preparation of a pleading, and we can perceive no reason for a different rule. Counsel for appellant referred to section 83, Hill's Code, but I fail to see that that section has any application to the question presented by this record.

2. Numerous authorities are cited by counsel on the other question, but none of them seem to be identical with the question presented by this record. The complaint alleges the conversion of chattles by the defendant. Now, it is manifest that the defendant could only do the act, if at all, through some of its officers or agents. An individual is liable to a person injured for any wrongful act causing injury; but a municipal corporation is not liable for the torts of its officers or agents except under circumstances and conditions not necessarily applicable to an individnal. In fact the liability of such corporation for the acts of its officers or servants is somewhat exceptional. 2 Dillon Munic. Corp. § 949, *et seq.* No general rule has been formulated on the subject, and it is said by some of the authorities that all the courts can safely do is to determine each case as it arises. Under the allegations contained in this complaint the court is unable to say whether the maxim of *respondeat superior* applies to this case or not. The pleader has not seen proper to develop

the facts of his case far enough to enable the court to determine that question. The plaintiffs' allegations assume it without averring a single fact upon which the assumption could properly rest. The best and latest authority on the subject says, in substance, that if the officers or servants are elected or appointed by the corporation in obedience to the statute to perform a public service, not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers of government, if they are independent of the corporation as to the tenure of their office and the manner of discharging their duties, they are not to be regarded as the servants or agents of the corporation for whose acts or negligence it is impliedly liable, but as public or State officers, with such powers and duties as the statute confers upon them, and the doctrine of *respondeat superior* is not applicable.

It will thus be seen that on general principles it is necessary, in order to make a municipal corporation impliedly liable on the maxim of *respondeat superior* for the wrongful acts or negligence of an officer, that it be shown that the officer was its officer either generally or as respects the particular wrong complained of and not an independent public officer; and also that the wrong was done by such officer while in the legitimate exercise of some duty of a corporate nature which was devolved on him by law or by the direction or authority of the corporation. 2 Dillon Munic. Corp. § 974. A brief reference to some of the cases will further illustrate this proposition. In *Morrison* v. *City of Lawrence*, 98 Mass. 219, it was held that a city or town could not be held liable in damages for the act of a person unless it appeared that the injury was inflicted by a servant or agent of the city or town while engaged in the legitimate exercise of the service or business for which he was employed. So in *Mitchell* v. *Rockland*, 52 Me. 118, it was held that neither the relation of master and servant nor of principal and agent exists between a town and its health or police officers; nor was

the town liable for their unlawful or negligent acts. So in *Brown* v. *Inhab. of Vinalhaven,* 65 Me. 402, 20 Am. Rep. 709, it was held that one who suffered damage by reason of the neglect or unskillfulness of the selectmen of the town or the physician employed by them in the performance of the the duties imposed on town officers by R. S., c. 14, in relation to the smallpox, had no remedy against the town therefor. And the same principle is announced by many other cases. *Crumbine* v. *Mayor etc.,* 2 McAr. 578; *Anthony* v. *Inhab. of Adams,* 1 Met. 284; *Buttrick* v. *City of Lowell,* 1 Allen, 172; 79 Am. Dec. 721; *Cushing* v. *Inhab. of Bedford,* 125 Mass. 526; *Pollock* v. *Louisville,* 13 Bush, 221; 26 Am. Rep. 260; *Everson* v. *Syracuse,* 100 N. Y. 577; *Hilsdorf* v. *St. Louis,* 45 Mo. 94; 100 Am. Dec. 352; *City of Richmond* v. *Long's Adm'r,* 17 Gratt. 375; *Ogg* v. *City of Lansing,* 35 Iowa, 495; 14 Am. Rep. 499; *Dargan* v. *Mayor etc. of Mobile,* 34 Ala. 469; 70 Am. Dec. 505; *Alcorn* v. *Philadelphia,* 44 Pa. St. 348; *Bennett* v. *New Orleans,* 14 La. Ann. 120; *Stewart* v. *New Orleans,* 9 *id.* 461; 61 Am. Dec. 218. These are only a few of the cases that might be cited holding that a municipal corporation is not liable for the torts of its officers under the various conditions stated. Whether they would apply to the real facts in this case, we are not permitted to know, for the reason the plaintiff's complaint does not disclose the facts upon which they seek a recovery. The foregoing citations abundantly show that there is no *general* liability on the part of a municipal corporation for the acts of its officers or servants, and that if such liability exist in any instance it is because of the particular facts of the case. We think the better rule of pleading in such actions is to allege in the complaint the facts upon which the pleader relies for a recovery,—in other words, to plead specifically. In any event enough must be alleged to show that the city was not acting in its governmental capacity as one of the agencies of the State in enforcing the necessary health and police regulations within its limits, and that the wrong complained of was done by an officer of the city while in the legitimate exercise of some duty of a corporate nature

which was devolved upon him, by law or by the direction or authority of the corporation. We do not hold that these elements would be sufficient, but they necessarily enter into the question of the city's liability and must in some manner appear before the city is liable. This must be so on principle. Why should the taxpayers of the city of Portland be mulct in damages when they have done no wrong, and it may be had no agency in the transaction complained of further than to carry into effect some positive requirement of the charter by means of their municipal government?

We think the court did not err in sustaining the demurrer, and its judgment is affirmed.