[Filed May 11, 1891.]

## LEVI W. RILEY *v.* W. E. PEARSON ET AL.

REPLEVIN—PLEADING—EXHIBIT.—In an action of replevin, an exhibit containing a description of the property in order to become a part of the complaint must be annexed and attached thereto. It is not sufficient to file the same as a separate paper, although referred to in the complaint and alleged to be a part thereof.

Wallowa county: M. D. CLIFFORD, Judge.

Plaintiff appeals. Reversed.

*Ivanhoe & Sheahan,* for Appellant.

*A. C. Smith,* for Respondents.

BEAN, J.—An action was brought in a justice court by respondents against appellants to recover possession of personal property. A judgment for want of an answer was entered, to review which this proceeding was brought. On the return of the writ, the proceedings were dismissed by the circuit court, and the judgment of the justice's court in effect affirmed.

The petition for the writ of review contains several assignments of error, and among others, that the complaint does not state facts sufficient to constitute a cause of action, because it contains no sufficient description of the property to recover the possession of which the action was brought. The property is described in the complaint as " certain personal property, consisting of household goods, furniture, books, pictures, wearing apparel, and sundry other articles, particularly set forth and described in a bill of particulars herewith filed, marked exhibit A, and made a part of this complaint." There appears in the record a list of various items of personal property, and opposite each item are figures supposed to be the value thereof; but this paper is in

no way attached to the complaint, and cannot be considered a part thereof.

In *Caspary* v. *City of Portland,* 19 Or. 496 ; 20 Am. St. Rep. 842, we held that schedules referred to in a complaint in an action of this kind, but not attached to and made a part of it, could not be used in aid of the description of the property contained in the complaint.     We there held that in actions to recover possession of personal property, a bill of particulars or schedule of the property annexed to the complaint, marked so it could be identified with certainty and referred to in and made a part of the complaint, would constitute a part of the pleading, not for the purpose of supplying necessary allegations therein, but for the purposes of description and itemizing the values.

There are many authorities which hold that in actions at law exhibits cannot be made part of the pleading, but for reasons stated in the case above cited we have adopted in cases of this character a different rule, but are unwilling to carry it any further than as expressed in *Caspary* v. *Portland.*

The statement in the complaint that the paper is marked "exhibit A, and made a part of this complaint," does not make it so.   It should have been attached before it could have become in any sense a part of the pleading.   Without this bill of particulars the complaint confessedly does not contain a description of the property sought to be recovered, and hence does not state a cause of action.   We do not deem it necessary to notice the other assignments of error, as they will probably be avoided if the cause should proceed anew, further than to say that the proceedings in the justice's court, as disclosed by the record, seem to have been unusual and somewhat irregular, and not calculated to promote the ends of justice.

Judgment reversed and cause remanded to the court below, with directions to vacate and annul the judgment of the justice's court.