Argued October 27, affirmed November 23, rehearing denied December
21, 1915.

# SOMERS *v.* HANSON.

### (153 Pac. 43.)

**Pleading—Written Instrument—Attachment.**

1. Where a copy of any writing, designated as an exhibit, or otherwise sufficiently identified in a pleading, is attached thereto, the effect of the instrument so displayed is the same as though it were incorporated in the body of the pleading.

**Bills and Notes—Action on Note—Complaint—Surplusage.**

2. Where a copy of the note on which suit was based was attached to the complaint as an exhibit, allegations in the complaint as to the legal effect of the instrument are surplusage, and should be disregarded; it being the duty of the court to determine the instrument's effect from its averments.

**Principal and Agent—Notes—Persons Liable.**

3. Defendant, who signed a note, "Hanson Bros., by Erastus Hanson," cannot be held personally liable, it not being alleged that Hanson Bros. was a partnership of which defendant was a member, for defendant's signature was that of an agent of a disclosed principal.

> [As to accommodation notes made or indorsed by agents or partners, see note in 31 Am. St. Rep. 754.]

From Wallowa: John W. Knowles, Judge.

In Banc.　Statement by Mr. Chief Justice Moore.

This action was commenced by F. P. Somers in the Justice's Court of Wallowa County, and appealed by defendant, Erastus Hanson, to the Circuit Court. The initiatory pleading, as far as deemed material herein, reads:

"Comes now the plaintiff, by leave of court first had and obtained, and files this, his amended complaint, and for cause of action against the defendant says: That on the seventeenth day of August, 1914, at Enterprise, Oregon, for value received, the defendant and one Thomas Hanson made and delivered to plaintiff and A. S. Allen their joint and several promissory note in writing of that date, wherein they promise to pay to plaintiff and said A. S. Allen, 90 days after

date thereof, $50, with interest after date at 8 per cent per annum. * * That said A. S. Allen sold and delivered, without indorsement, all his interest in said note to this plaintiff prior to the bringing of this action, and plaintiff is the owner and holder of the whole of said obligation, no part of which has been paid, and is long since past due and is owing from said defendant, Erastus Hanson, to this plaintiff, and that he has refused to pay the same or any part thereof, though plaintiff has made demand for payment of same of him. That a copy of said note is hereto attached, marked 'Exhibit A,' and is made a part of this complaint. That prior to the commencement of this action said Thomas Hanson died. * * "

The exhibit thus referred to is as follows:

"$50.00.          Enterprise, Or., Aug. 17th, 1914.

"Ninety days after date, without grace, I promise to pay to the order of A. S. Allen and F. P. Somers fifty dollars, for value received, with interest after date at the rate of 8 per cent per annum until paid. Principal and interest payable in United States gold coin at Enterprise, Oregon. And in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action.

"HANSON BROS.,
"By ERASTUS HANSON."

A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled, and, the defendant declining to plead further, judgment for the sum demanded was rendered against him, and he appealed to the Circuit Court for that county, where the issue of law thus raised was retried, the judgment reversed, the demurrer sustained, and the action dismissed, from which latter judgment the plaintiff appeals to this court.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. O. M. Corkins.*

For respondent there was a brief and an oral argument by *Mr. Daniel W. Sheahan.*

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. The question to be considered is whether or not the complaint shows that the defendant incurred a personal liability by signing the promissory note sued upon. When a copy of any writing, designated as an exhibit, or otherwise sufficiently identified in a pleading, is attached thereto and thus becomes a part thereof, the effect of the instrument so displayed is the same as though it were incorporated in the body of the pleading: *Caspary* v. *Portland,* 19 Or. 496 (24 Pac. 1036, 20 Am. St. Rep. 842); *Riley* v. *Pearson,* 21 Or. 15 (26 Pac. 849); *McLeod* v. *Lloyd,* 43 Or. 260 (71 Pac. 795, 74 Pac. 491). The note must therefore be read in connection with and as a part of the complaint in order to determine the averments thereof. Thus construing the language of the initiatory pleading, it will be read as alleging that "the defendant and one Thomas Hanson made and delivered to plaintiff and one A. S. Allen a promissory note of which the following is a copy," setting it forth.

In *Woods* v. *Town of Prineville,* 19 Or. 108, 110 (23 Pac. 880, 881), Mr. Justice STRAHAN says:

"There are two modes at common law of bringing any writing upon the record by pleading; one was to set it out *in haec verba,* and the other was to plead it according to its legal effect; and this rule remains unchanged by any provision of our Code."

When the contract sued upon is set out *in haec verba,* it will be so construed that its legal effect will

be recognized. If the writing is thus declared upon, it is superfluous to state what its legal effect is: 4 Ency. Pl. & Pr. 918. If there be any discrepancy between the averments of a pleading and the terms of a writing properly identified or attached to a statement of facts constituting a cause of action or a defense, the language of the exhibit will control in determining its legal effect: 31 Cyc. 563; *Patrick* v. *Colorado Smelting Co.,* 20 Colo. 268 (38 Pac. 236); *Lewy* v. *Wilkinson,* 135 La. 105 (64 South. 1003). The promissory note having, in effect, been set forth in the complaint in the exact language employed in the negotiable instrument, the allegation of the legal effect of the writing as stated in the pleading must be disregarded as superfluous and variant.

3. In the notes to the case of *Gavazza* v. *Plummer,* 42 L. R. A. (N. S.) 1, 3, it is observed:

"A signing in which the name of the principal is followed by the name of the agent separated by the word 'by' or 'per' is uniformly regarded as a proper method of executing the agency so as to impose no personal liability upon the agent."

It is not alleged in the complaint herein that "Hanson Bros." were partners and the defendant was a member of that firm, so as to explain the meaning of the phrase "by Erastus Hanson," when appended to the promissory note; nor is it averred that by thus subscribing his name he intended personally to be obligated to pay the sum to become due on the instrument, so as to render testimony relating thereto admissible. In the absence of these necessary averments, it will be implied that the defendant, having signed the name of a disclosed principal, did not intend to become personally liable. The complaint did not

state facts sufficient to constitute a cause of action, and no error was committed as alleged.

It follows that the judgment should be affirmed, and it is so ordered.                                    Affirmed.

Mr. Justice Harris took no part in the consideration of this case.

Mr. Justice Bean delivered the following dissenting opinion.

I am unable to concur in the opinion of the learned Chief Justice. I think the defendant is liable upon the note described in the complaint, but for a different reason from that suggested upon the argument or in the opinion.

Plaintiff alleges plainly that on the date named, for value received, defendant and Thomas Hanson made and delivered to plaintiff and A. S. Allen their joint and several promissory note in writing, wherein they promised to pay to the payees 90 days after date thereof $50, with interest at 8 per cent per annum; that Allen sold and delivered without indorsement all his interest in the note to plaintiff, who is the owner and holder thereof, no part of which has been paid; that Thomas Hanson is dead. A copy of the instrument is attached to the complaint. The allegations show a complete liability of defendant, and upon the demurrer are deemed admitted to be true. In *Waggy* v. *Scott*, 29 Or. 386, 388 (45 Pac. 774, 775), Mr. Justice Moore said:

"The first ground of the demurrer admitted the truth of the probative facts alleged, and if the whole or any part of the complaint can be resolved into a cause of action, the general demurrer is unavailing to challenge its sufficiency"—citing authorities.

78 Or.—28

The controversy arises as to the copy of the note exhibited with the complaint, which shows that it was executed in the name of "Hanson Bros., by Erastus Hanson." There can be no question but that Erastus Hanson could act for himself. The only necessity for the pleading to show that he was authorized to make the note, either as a partner of Thomas Hanson or otherwise, would be in order to show the liability of Thomas Hanson or his estate; but that question is not in the case; therefore the matter of agency is not material.

Taking the allegations of the complaint as true, and considering the copy of the instrument (which was not necessarily attached), it appears, in legal effect, so far as the liability of Erastus Hanson is concerned, as though the note had been signed "Erastus Hanson, by Erastus Hanson." The fact that the words "by Erastus Hanson" were added to the signature of the principal would not free such principal from his obligation; in other words, the defendant should not be held liable as an agent, but by reason of the fact that he is admitted to be a principal maker of a joint and several promissory note. As to the signature "Hanson Bros.," it may be said that the only purpose for requiring the name of the maker of a note to appear on the face thereof is to ascertain his identity and to evidence his intention to execute it. This may be attained by the use of any other means of identification than the name. The Hansons could properly execute the instrument in the name of "Hanson Bros.," whether they were partners or not. It is not indispensable that the exact or full name should appear. The initials are sufficient, and any mark which the party uses to indicate his intention to bind himself by a promissory note will be as effective as his signa-

ture.   Taking the whole of the complaint, it is thought that it fairly shows that the note was executed by the makers in the name of "Hanson Bros.": Tiedeman, Com. Paper, § 12; 1 Daniel, Neg. Inst., § 74; *Bank* v. *Spicer,* 6 Wend. (N. Y.) 443.

The judgment of the lower court should be reversed.