Argued December 1, 1932; reargued January 31; affirmed February
7, 1933

# UNITED STATES FIDELITY & GUARANTY CO. *v.*
# SMITH ET AL.

(18 P. (2d) 1032)

[1]

*Earl F. Bernard,* of Portland (Collier, Collier & Bernard, of Portland, on the brief) for appellant.

*L. J. Balbach,* of Portland (Sheppard, Phillips & Ralston, of Portland, on the brief) for respondent.

BEAN, J. This is an action upon an indemnity bond tried by the court without a jury. Judgment was rendered in favor of the plaintiff for the sum of $5,720.89, with interest. Defendant C. J. Smith appealed.

The appellant states in his brief: "The question on this appeal is that there is no evidence that the paper admittedly signed by the appellant is an agreement to indemnify the plaintiff for any obligation incurred by the plaintiff as surety on appeal in the case of Pulkrabek v. Bankers Mortgage Corporation".

We will first notice the allegations of the complaint, which are admitted in the answer, some of which are admitted in part. The first paragraph of the complaint alleges the corporate capacity of the plaintiff, about which there is no controversy. The second paragraph, which is referred to in the denial, is: "That at the times herein mentioned the said defendants were officers and financially interested in a certain corporation, known and designated as Bankers Mortgage Corporation". The third paragraph, which is admitted, is as follows:

"That the said United States Fidelity and Guaranty Company became surety for the said Bankers Mortgage Corporation upon an appeal and stay bond

in a certain suit entitled J. E. Pulkrabek v. Bankers Mortgage Corporation prosecuted in the Circuit Court of the State of Oregon for Multnomah County, No. H-4782, in which action judgment was entered against the said Bankers Mortgage Corporation, from which judgment the said Bankers Mortgage Corporation appealed to the Supreme Court of the State of Oregon, which Court affirmed the said judgment, mandate issued and judgment entered on the 7th day of October, 1925, against the said Bankers Mortgage Corporation and plaintiff herein in the sum of $9,619.21 and $195.45 costs and disbursements in the said Circuit Court, with interest on both of said sums at the rate of 6 per cent per annum from the 5th day of July, 1922, and also for the sum of $83.75 costs and disbursements of the said Supreme Court''.

The fourth paragraph, which seems to relate to the bone of contention, is as follows:

''That as an inducement to and consideration for the execution of the said appeal and stay bond the defendants entered into and executed a written instrument whereby they jointly and severally agreed, among other things, to save harmless and keep indemnified the plaintiff herein against all loss and damages whatsoever that should or might at any time happen or result to the plaintiff herein for or by reason of the execution as surety of the said appeal and stay bond, a true copy of which is annexed hereto, marked 'Exhibit A' and made a part of this complaint''.

This is denied, with certain exceptions to which we will hereafter refer.

The fifth paragraph alleges a demand, that there was a failure to pay the judgment and that plaintiff was compelled to and did, on November 4, 1925, pay the said judgment creditor in full satisfaction of its obligation, by reason of said judgment, the sum of

4

$5,720.89. It is further alleged that plaintiff demanded of defendants payment of said obligation, but they failed to pay any part thereof.

To this complaint defendant C. J. Smith interposed the following answer:

"Comes now the defendant, C. J. Smith, and answering the plaintiff's Amended Complaint, denies Paragraphs No. II, IV and V of said Amended Complaint and the whole thereof, save and except this answering defendant admits that he was at one time an officer of and financially interested in the Bankers Mortgage Corporation, and save and except this answering defendant further admits that he signed the paper in substance as set forth in Exhibit A attached to plaintiff's complaint, and save and except this answering defendant further admits that this answering defendant failed to satisfy the judgment mentioned in the plaintiff's complaint".

Referring first to paragraph II of the complaint, it will be seen from the answer that the "defendant admits that he was at one time an officer of and financially interested in the Bankers Mortgage Corporation". The only part that can be claimed was denied is that the defendant was such officer at the time mentioned in the complaint. But the admission that he was at one time an officer and financially interested in the Bankers Mortgage Corporation, without designating any other time or times than those mentioned in the complaint, would imply that he was such officer at the times mentioned. It is not very material, however.

As to paragraph IV of the complaint, the defendant, as we understand his answer, admits that he, with the other defendant, executed a written instrument whereby they jointly and severally agreed, among other things, to save harmless and keep indemnified the plaintiff

herein against all loss and damage whatsoever that should or might at any time happen or result to the plaintiff herein for or by reason of the execution of the said appeal and stay bond.

The appeal and stay bond, which is usually called an undertaking, is fully described in paragraph III of the complaint, which the defendant does not deny, although the appeal and stay bond signed by the United States Fidelity & Guaranty Company is not attached to the complaint. Therefore, when they refer to said "appeal and stay bond" it refers to the appeal bond mentioned in paragraph III of the complaint.

■ To mention specifically the defendant's denial of paragraph IV of the complaint, it is denied "save and except this answering defendant further admits that he signed the paper in substance as set forth in Exhibit A attached to plaintiff's complaint". Therefore the execution of the indemnity instrument is admitted. Without any explanation or further allegation that the indemnity bond or agreement was in any way invalid, it must be taken as an admission that the indemnity instrument was executed as alleged by the plaintiff in paragraph IV. This would leave only that part of paragraph IV as denied, namely, that as an inducement to and consideration for the execution of said appeal and stay bond the defendants executed such bond. That allegation is superfluous. The bond of indemnity attached to plaintiff's complaint is executed under seal by the defendant C. J. Smith, which imports a consideration, and it is not absolutely necessary that there should have been any inducement; nevertheless defendant admits in his answer that he was interested in the Bankers Mortgage Corporation and admits the inducement in part.

■ That leaves the allegation of the complaint in the fifth paragraph, that the plaintiff had paid the judgment rendered on appeal in the Supreme Court, to be proven. As shown by the bill of exceptions, counsel for plaintiff made the following offer in order to prove the payment of the judgment:

"At this time the plaintiff offers in evidence draft No. 4104, in the sum of $5,727.89, in payment of the judgment taken in the case of J. E. Pulkrabek v. Bankers Mortgage Company, No. H-4782, which draft was paid to Mr. T. J. Pulkrabek in satisfaction of the judgment after the same had gone to the Supreme Court and been affirmed, and is a draft paid out by the plaintiff under the bond executed by the plaintiff on the appeal of said case".

This was admitted upon the statement of defendant C. J. Smith, through his counsel, that he had no objections to the admission of said draft in evidence. This statement and exhibit, being uncontradicted, was sufficient to establish the payment of the judgment.

■ The contention of appellant that the record does not show an agreement to indemnify the plaintiff for any obligation incurred by the plaintiff, as surety on appeal in the case of *Pulkrabek v. Bankers Mortgage Company,* is not borne out by the record. The indemnity bond, copy of which is attached to plaintiff's complaint as an exhibit, and a photostatic copy of which was introduced in evidence, recites in the first part thereof that the plaintiff has become surety "at my request" on a certain bond dated August 26, 1922, wherein Bankers Mortgage Company is the principal, and the same description, somewhat extended, is found in paragraph III of the amended complaint in describing the surety bond that was executed for the said Bankers Mortgage Company upon an appeal

and stay bond in a certain suit entitled *J. E. Pulkrabek v. Bankers Mortgage Company*. It was unnecessary to further describe the appeal and stay bond, and there is no room for any misunderstanding but that the indemnity bond was executed by the defendant C. J. Smith to indemnify the plaintiff by reason of having signed such surety bond. In other words, the portion of the complaint admitted, together with the proof submitted, makes a complete case in favor of plaintiff.

It will be noted from the record that the plaintiff in his complaint described and pleaded in substance the appeal and stay bond describing in what case it was executed and the outcome of the case upon appeal, which we have several times referred to as having been admitted.

Objection seems to be made for the reason that the plaintiff did not also put in evidence a copy of the appeal and stay bond. It is unnecessary for the plaintiff to show the execution of the appeal and stay bond in its complaint more than once. It is unnecessary for it to be admitted by the defendant more than once.

The findings of the circuit court are supported by the admitted portions of the complaint and by the evidence.

The judgment should be affirmed. It is so ordered.

RAND, C. J., BELT and ROSSMAN, JJ., concur.

---

CAMPBELL, J. (dissenting). This is an action to recover on an indemnity bond.

The allegations of the complaint are in effect: One, plaintiff's corporate existence; two, that defendants were officers and interested in the Bankers Mortgage

Corporation; three, that plaintiff became surety for the Bankers Mortgage Corporation upon an appeal and stay bond in a suit entitled, *J. E. Pulkrabek v. Bankers Mortgage Corporation,* from the circuit court to the supreme court and that the supreme court affirmed the judgment and also gave judgment against plaintiff as surety; four, "that as an inducement and consideration for the execution of said appeal and stay bond, defendants entered into and executed a written instrument whereby they severally agree among other things, to save harmless and keep indemnified the defendant herein against all losses and damages whatsoever that should or might, at any time happen or result to the plaintiff herein for or by reason of the execution as surety of said appeal and stay bond, a true copy of which is attached hereto marked 'Exhibit A', and made a part of this complaint"; five, that demand was made on the Bankers Mortgage Corporation and on defendants, to satisfy the judgment, which demand was refused and plaintiff was, on November 4, 1925, compelled to pay $5,720.89 in satisfaction thereof; six, that plaintiff demanded repayment from defendants and was refused. Then follows the prayer for judgment.

To this complaint, defendant C. J. Smith filed an answer in which he denied, "paragraph Nos. 2, 4, and 5, and the whole thereof, save and except this answering defendant admits that he was at one time an officer of, and financially interested in the Bankers Mortgage Corporation * * * and further admits that he signed the paper in substance as set out in Exhibit A attached to plaintiff's complaint, * * * and that he failed to satisfy the judgment mentioned in plaintiff's complaint". The other defendant defaulted.

The parties, in open court, waived a jury and the cause was tried to the court. Findings and judgment for plaintiff. Defendant C. J. Smith appeals.

In order to establish his case, plaintiff introduced in evidence a certain draft as follows:

"At this time, the plaintiff offers in evidence draft No. 4104, in the sum of $5,727.89 in payment of the judgment taken in the case of J. E. Pulkrabek v. Bankers Mortgage Corporation, No. 8-4702 which draft was paid to Mr. T. J. Pulkrabek in satisfaction of the judgment after the same had gone to the supreme court and had been affirmed, and is a draft paid out by the plaintiff, under the bond executed by the plaintiff on the appeal of said case".

To this statement and the introduction of the exhibit, the defendant made no objection and the exhibit was received in evidence. This statement and exhibit, being uncontradicted, was sufficient to establish the payment of the judgment.

The plaintiff thereupon introduced and had it marked plaintiff's exhibit No. 2, a photostatic copy of the bond of indemnity herein sued upon, with the exception that the part of the bond which was referred to in and attached to the original bond and made a part of said bond, was not introduced. This was all the evidence introduced in the case, plaintiff rested and defendant rested.

Defendant thereupon moved for a directed verdict on the ground that the complaint did not state facts sufficient to constitute a cause of action. Second, that plaintiff has failed to establish, by evidence its cause of action. Third, on the ground that plaintiff's exhibit No. 2 is not any contract or agreement between these defendants and plaintiff and that it does not constitute

the agreement between plaintiff and defendants and for the further reason that plaintiff's exhibit No. 2 is void for uncertainty. The court overruled the motion.

Usually a written instrument may be pleaded in effect or it may be pleaded in haec verba or by attaching a copy and making it a part of the pleading by reference. *Caspary v. Portland,* 19 Or. 496 (24 P. 1036, 20 Am. St. Rep. 842); *Morrison v. Crawford,* 7 Or. 472. However, when an attached copy is pleaded it should be a complete copy of such terms and conditions as are necessary to inform the opposing party on what the pleader relies. The complaint might be subject to a motion to make more definite and certain and to compel plaintiff to set out a complete copy of the contract, but it is not vulnerable to a general demurrer.

It will be observed that the photostatic copy of the indemnity bond, herein sued upon, and introduced in evidence, does not contain a copy of plaintiff's appeal bond on behalf of the Bankers Mortgage Corporation. Neither was such a copy attached to plaintiff's Exhibit A, made a part of the complaint. Plaintiff must prove its case as alleged. It must prove its indemnity bond in full, either by introducing the whole of the original or by satisfactory secondary evidence of its contents. The indemnity contract introduced, shows on its face that a certain bond, "dated 26th of August, 1922, wherein the Bankers Mortgage Corporation is the principal, the condition of said bond being particularly set forth in the copy of the same attached hereto, and which is distinctly understood to be made a part hereof", was the measure of defendants' obligation. If plaintiff should suffer any loss by reason of such suretyship then defendants agree to compensate

it. There is no evidence that plaintiff was injured by reason of any suretyship which defendants agreed to indemnify. It was only part of the contract of indemnity that was introduced in evidence and that part does not show defendants' obligation. It does not intimate that the loss for which such surety was to be indemnified was to arise on an appeal or stay bond, and the court cannot legally infer that it was. It is true that appellant appears to be taking advantage of a purely technical defense, yet that is his privilege and the court has no right to deny him it or to overlook the law of evidence. " 'T will be recorded for a precedent, and many an error by the same example will rush into the state".

Counsel for respondent contends that the language of the indemnity bond sued on herein, is broad enough to cover any loss suffered by respondent on any bond in which the Bankers Mortgage Corporation is principal and respondent surety. "It is not so nominated in the bond". The part of the bond introduced in evidence says that appellants will indemnify for any losses suffered by reason of the surety bond executed by respondent and "a copy attached" and "distinctly understood to be made a part" thereof.

It was error on the part of the court to make findings and enter judgment in favor of respondent on the state of the evidence as it then existed.

It appears that at the opening of the case a stipulation was entered into between counsel. We are of the opinion that there existed an honest mistake as to the extent of the stipulation, counsel for respondent believing that appellant's counsel stipulated not only to waive a jury but also that appellant admitted all the

allegations of the complaint except "payment of the judgment" by respondent. Appellant's counsel only intended to waive a jury.

"Upon an appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from, in the respect mentioned in the notice, * * * and may, if necessary and proper, order a new trial". Oregon Code 1930, § 7-511.

The judgment, therefore, should be reversed and the cause remanded with instructions to grant a new trial.

I dissent.

BAILEY and KELLY, JJ., concur in this dissent.