Argued October 7, affirmed October 21, 1953

# ANDERSON ET AL. *v.* CHAMBLISS ET UX. and FIRST FEDERAL SAVINGS & LOAN ASS'N OF CORVALLIS

262 P. 2d 298

*Sam Kyle* argued the cause for appellants. On the brief were Willis, Kyle & Emmons, of Albany.

*Karl T. Huston* argued the cause for respondents. On the brief were Huston & Thomas, and LaVerne M. Johnson, of Corvallis.

Before LATOURETTE, Chief Justice, and WARNER, Tooze and PERRY, Justices.

TOOZE, J.

This is a suit brought by Glenn M. Anderson and L. W. Anderson, dba Anderson Bros. Construction Co., as plaintiffs, against Sizer Chambliss, Jeanne S. Chambliss, his wife, and First Federal Savings & Loan Association of Corvallis, Oregon, as defendants, to foreclose a lien for labor and materials furnished by plaintiffs to defendants Chambliss in the construction of a dwelling house upon land owned by said defendants in Benton county, Oregon. The trial court entered a decree dismissing plaintiffs' suit "without prejudice to plaintiffs to pursue any remedy they may have at law", on the ground, as stated in the decree, "that the complaint filed herein fails to state a cause of suit against the defendants or either of them". Plaintiffs appeal.

The lien claimed by plaintiffs is based upon § 67-101, OCLA, which in part provides:

"Every mechanic, * * *, contractor, * * * laborer, * * * performing labor upon or furnishing material, * * * to be used in the construction, alteration or repair, either in whole or in part of any building, * * *, shall have a lien upon the same for the work or labor done * * * or material furnished at the instance of the owner of the building * * *."

Plaintiffs' complaint in this suit and their lien notice are based upon the theory that plaintiffs were original contractors in furnishing to the defendants Chambliss the labor and materials used in the construction of the dwelling house in question.

■ The mechanics' lien law does not define the term "original contractor". However, in numerous decisions this court has held that an original contractor within the meaning of the statute is one who furnishes labor or materials and labor on a contract direct with the owner. *Drake Lumber Co. v. Lindquist,* 179 Or 402, 418, 170 P2d 712; *Barr v. Lynch,* 163 Or 607, 613, 97 P2d 185; *Shea v. Graves,* 142 Or 503, 510, 19 P2d 406.

■ As will hereafter appear, the allegations of the complaint, as well as the statements contained in the lien notice, sufficiently charge that plaintiffs bore the relationship of original contractors to the defendants Chambliss. The evidence upon the trial conclusively established that fact.

Section 67-105, OCLA, provides:

> "It shall be the duty of every original contractor, within 60 days after the *completion* of his contract, and of every mechanic, * * *, laborer, or other person, save the original contractor, claiming the benefit of this act, within 30 days after the completion of the alteration or repair thereof, * * * to file for recording with the county clerk of the county in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, * * *, and also the name of the person by whom he was employed * * *, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts." (Italics ours.)

■ It is well established in this state that because the right to a lien is purely statutory, a claimant to such a lien must in the first instance bring himself clearly

within the terms of such law. The statute is strictly construed as to persons entitled to its benefits and as to the procedure necessary to perfect the lien. A complaint in a suit to foreclose such a lien, to be sufficient to state a cause of suit, must allege every fact necessary to show that the claimant has complied substantially with the provisions of the statute entitling him to a lien. However, when the claimant's right to a lien has been clearly established, the law will be liberally interpreted toward accomplishing the purposes of its enactment. *Barber v. Henry,* 197 Or 172, 252 P2d 802, 806; *Ward v. Town Tavern et al.,* 191 Or 1, 14, 228 P2d 216, 221; *Timber Structures v. C.W.S.G. Wks.,* 191 Or 231, 246, 229 P2d 623, 25 ALR2d 1358; *Drake Lumber Co. v. Lindquist,* supra; *Andersen v. Turpin,* 172 Or 420, 425, 142 P2d 999.

In plaintiffs' complaint it is alleged:

"IV

"That plaintiffs at the special instance and request of the defendants Sizer Chambliss and Jeanne S. Chambliss between the 7th day of September, 1949, and the 8th day of March, 1950, both inclusive, furnished to said defendants labor, skill, services and materials for the reasonable value of $14,986.24.

"V

"That said labor, skill, services and materials were furnished to said defendants in connection with the construction of a dwelling house situated upon the following described real property, to-wit: [Property described by metes and bounds.].

"VI

"That the defendants Sizer Chambliss and Jeanne S. Chambliss are the owners of the above-described real property and said defendants had knowledge of the labor, skill, services and materials

furnished in connection with the construction of said dwelling house.

"VII

"That heretofore and on the 1st day of May, 1950, plaintiffs filed their notice of lien upon said real property above described in the office of the County Clerk of Benton County, Oregon; that a copy of said lien is hereto attached, marked Exhibit 'A' and by reference made a part of this complaint."

The foregoing constitute all the allegations of the complaint material to this opinion. Nowhere in the complaint is it alleged affirmatively, either directly or indirectly, that the contract was completed, giving the date of such completion, nor is it alleged therein that the contract was not completed, and stating a valid reason for such failure to complete it.

██ Under the provisions of § 67-105, OCLA, supra, in order to perfect a valid lien, it is mandatory that an original contractor file his claim within 60 days "after the completion of his contract". In a complaint to foreclose such a lien, it is necessary to charge that the contract was completed and to give the date of such completion, or if, for just cause, it was not completed, the reason therefor and the date on which the last labor or materials were furnished. In other words, it must affirmatively appear from the allegations contained in the complaint itself that the lien notice was filed within the 60-day period as required by the statute. A complaint that does not contain such essential allegation (or allegations equivalent thereto) fails to state a cause of suit and is fatally defective. It is now hornbook law in this state that such an objection to a complaint is never waived and may even be raised for the first time in this court.

■ In paragraph IV of the complaint, supra, it is alleged that the labor was performed and the material furnished between September 7, 1949, and March 8, 1950, but that is a far cry from alleging that "the *contract* was completed" or that "the *contract* was fully performed" on March 8, 1950, or, if not completed, that plaintiffs had just cause for not completing it.

In *Bernard v. Hassan*, 60 Or 62, 65, 118 P 201, a suit to foreclose a mechanic's lien, Mr. Justice McBride, speaking for the court, said:

"* * * An original contractor, within the meaning of the mechanic's lien law, is one who furnishes labor, or labor and materials, upon a contract direct with the owner. Boisot Mech. Liens, § 220. The contract need not be express, but may be implied. The complaint in this case states substantially a contract to alter and repair a dwelling house, and to perform and furnish the labor to so alter and repair it. So far it states an original contract with the owner to do a particular thing, *but it fails to state that the contract was completed, or to give any reason why it was not completed, or to state the date of the completion of the building.*

"* * * Section 7420 [§ 67-105, OCLA] makes it a prerequisite of a valid, original contractor's lien that it shall be filed within 60 days after the completion of the contract, *and a complaint which does not show this fact does not state a cause of suit.*" (Italics ours.)

In *Christman v. Salway et al.*, 103 Or 666, 205 P 541, the contention was made that the lien notice was invalid because it did not show on its face that it was filed within 60 days after completion of the claimant's contract with the owner. The court held that § 10195, Or Laws (§ 67-105, OCLA) did not require that the

lien notice contain a statement that it was filed within 60 days after the completion of the claimant's contract, stating that "a claimant is not required to state in his claim of lien filed anything not required to be stated therein" by the statute. The court then said (page 684 of 103 Or):

> "In his foreclosure proceedings he must allege and prove every fact essential to the existence of a valid lien. He must therefore allege in his complaint and prove that he filed his claim within the time allowed: Coffey v. Smith, supra; and 'it must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was in proper form, verified as required and filed within the time prescribed': Pilz v. Killingsworth, 20 Or 432, 437 (26 Pac. 305, 306). Christman neither alleged in his complaint, nor proved, that the claim of lien was filed within 60 days after the completion of his contract with the owner, and the item of $20 claimed therefor must therefore be denied: Coffey v. Smith, supra."

In *Coffey v. Smith*, 52 Or 538, 540, 97 P 1079, it is stated:

> "The right to assert and perfect a mechanic's lien is a statutory privilege (Brown v. Harper, 4 Or. 89), and is in derogation of the common law, and can be established only by a clear compliance with the requirements of the statute. A party claiming such lien must show a substantial compliance therewith, and by his complaint must bring himself within its provisions: [Citing cases.]"

■ The requirement that the complaint show on its face that the notice of lien filed contained all the essential provisions required by the statute, as mentioned in the Christman case, supra, may be satisfied by attaching a true copy of the lien notice to the

complaint as an exhibit and making it a part of the complaint by reference, but it does not follow that a statement contained in the lien notice can in and of itself supply an essential allegation of the complaint that has been omitted therefrom.

An exhibit may be considered as a part of the pleading and in aid of explanation thereof; but annexing an exhibit to a pleading does not amount to an allegation that the statements contained therein are true. Of course, it is well settled that if there is any discrepancy between the averments of a pleading and the terms of a writing properly identified or attached to a statement of facts constituting a cause of action or a defense, the language of the exhibit will control in determining its legal effect. *Somers v. Hanson,* 78 Or 429, 532, 153 P 43. However, an exhibit to a pleading cannot serve the purpose of supplying necessary and material averments.

In *Wright v. White,* 166 Or 136, 153, 110 P2d 948, 135 ALR 1, Mr. Justice Lusk, in writing the opinion, said:

"* * * The plaintiff says that the recital [In Exhibit B, attached to and made a part of the complaint] is no part of the complaint, and invokes the rules that an exhibit will not serve the purpose of supplying an essential averment in a pleading and that the facts recited in the exhibit are not to be taken as alleged by the pleadings. These are well established rules in this state. Malheur County v. Carter, 52 Or. 616, 98 Or. [P.] 489; McLeod v. Lloyd, 43 Or. 260, 71 P. 795, 74 P. 491; Caspary v. Portland, 19 Or. 496, 24 P. 1036, 20 Am. St. Rep. 842; Kerns v. Union County, 123 Or. 103, 261 P. 76."

Also see *Strong et al. v. Moore et al.,* 118 Or 649, 654, 245 P 505; 71 CJS 792, Pleading, § 375 (2).

■ In the last paragraph of the lien notice filed in this case, a copy of which is attached to and made a part of the complaint, it is stated:

"That the time in which the claimant has to make and file this claim of lien on said property with the county clerk of the county in which said land is situated has not expired. Sixty days have not elapsed since the completion of claimant's contract with builder."

But under the rules as announced by this court and hereinabove referred to, this statement in the lien notice cannot supply the essential averments of the complaint regarding the completion of the contract.

We now take note of three decisions of this court which in some respects appear to be in conflict with what we have here stated. In *Shea v. Graves,* 142 Or 503, 512, 19 P2d 406, we said:

"The objection is made that the complaint does not allege that the contract has been fully performed. It is shown *in the notice of lien* attached to and made a part of the complaint that Shea, the claimant, performed labor and furnished material used in the construction of the building by virtue of a contract and that the work had been performed. In the absence of an attack by demurrer or motion, the complaint to foreclose this mechanic's lien, though not particularly alleging the contract was completed, is sufficient." (Italics ours.)

An examination of the original complaint in the Shea case discloses that it contained the following allegation:

"That this plaintiff * * * performed his last labor and furnished his last material on the 12th day of March, 1928, and on the 2d day of May, 1928, within sixty days from the completion of his

contract, and within thirty days from the completion of said building, filed * * * a claim of lien
* * * ''

■ It appears therefore, that in effect the complaint did contain the essential averments respecting completion of the contract, though imperfectly stated, but sufficient in the absence of a direct attack upon the pleading by demurrer or motion. In that case there was not an entire absence of an essential allegation, as in the case at bar; the complaint did contain a defective statement thereof. In such cases it is proper to refer to the exhibit in aid and explanation. But insofar as the decision in *Shea v. Graves* may be understood as directly or impliedly holding that an essential averment in a pleading may be supplied by recourse to an attached exhibit, it is expressly overruled.

The second decision to be considered is that in the case of *Lorenz Co. v. Gray et al.,* 136 Or 605, 612, 298 P 222, 300 P 949. The Lorenz case has been cited in many later cases as authority for some of the rules therein announced. For example, at page 610 of 136 Or, the court said:

"" * * * It is therefore necessary in the case of an original contractor that the complaint should disclose, by appropriate allegation, either that the contract had been completed within the 60 days mentioned or such state of facts as to excuse the completion thereof; Bernard v. Hassan, 60 Or 62 (118 P. 201)."

As before indicated, this rule has become firmly established in this state. However, at page 612 of 136 Or, we find a statement that is directly in conflict with the foregoing. The court stated:

"In *the notice of lien* of the first stated claim of Thomas Philipson, it is set forth that claimant

ceased to labor and furnish materials under said contract on the 11th day of November, 1928. *This is not an allegation of complete performance.* In *the notice of lien* last stated in the complaint, Philipson sets forth that *he completed the terms of his contract* on or about the 30th day of July, 1928. This, taken with the further statement *in the notice of lien,* 'that 60 days have not elapsed since the date when claimant ceased to labor thereon,' bearing in mind that a copy of such notice of lien is attached to the complaint, discloses that this cause of suit is not vulnerable to the contention that the completion of the contract and the date thereof are not stated in the complaint. *An exhibit to a pleading cannot serve the purpose of supplying necessary and material averments*: Malheur County v. Carter 52, Or. 616, 621 (98 P. 489). The excerpts just quoted from the above mentioned exhibit determine the effect thereof and are controlling: Somers v. Hanson, 78 Or. 429 (153 P. 43); Strong et al. v. Moore et al., 118 Or. 649, 655 (245 P. 505), and cases there cited.'' (Italics ours.)

The last emphasized portion of the foregoing states the true rule. Manifestly, that rule directly contradicts and denies the implications arising from the statements immediately preceding it. That portion of the decision in the Lorenz case which seemingly states a rule that essential averments of a complaint in a proceeding to foreclose a lien may be supplied by statements appearing in an exhibit is expressly overruled.

The third case of which we take notice is *Anderson v. Turpin,* supra. In that case the contention was made that the complaint did not state facts sufficient to constitute a cause of suit. At page 425 of 172 Or, the court said:

''We have carefully considered the original com-

plaint together with the notice of lien, a copy of which was attached thereto as an exhibit. It was incumbent upon the plaintiff, by his complaint, to show that he had complied substantially with the provisions of the statute entitling him to a lien. [Citing cases.]

"In support of their contention that the original complaint did not state a cause of suit, the defendants point out certain particulars wherein they allege that pleading to have been defective. They say that the complaint alleged that plaintiff's work was performed under contract with the defendant-owners, whereas the notice of lien stated that it was performed at the instance and request of I. N. Richardson, the original contractor.

"The notice of lien was set out in *haec verba* in the exhibit and was incorporated in the complaint by reference. *Moreover, the complaint contained a specific allegation that each and all of the statements contained in the lien notice were true.* The exhibit was thus not only incorporated in the complaint, *but the allegations thereof became allegations of the complaint,* supported by the same verification. In determining the sufficiency of the pleading, therefore, the allegations of the notice of lien must be held to prevail over any discrepancy between them and those of the complaint proper. [Citing cases.] " (Italics ours.)

There is nothing in the preceding which conflicts with the rule that an exhibit cannot supply an essential averment of a pleading. By an affirmative allegation in the complaint itself the statements in the lien notice were adopted and made allegations of the complaint. It was as allegations of the complaint, and not as mere statements in the lien notice, that the recitals supplied what otherwise did not appear on the face of the complaint.

The trial court did not err in dismissing this pro-

ceeding on the ground that the complaint failed to state a cause of suit.

■ Moreover, the lien in this case is invalid because lienable and nonlienable items are included in the claim and cannot be segregated except by recourse to oral evidence. For example, there is a nonlienable charge included in the claim for labor and materials furnished in constructing moveable bunk beds. From the face of the lien notice it is impossible to determine just what particular labor and materials went into the building thereof. Furthermore, the evidence revealed that 25 cents is charged in the claim for each hour of labor performed, over and above the wage paid the laborer. This 25 cent surcharge covered some items that might have been lienable, and others that clearly were nonlienable. It is impossible to segregate the lienable from the nonlienable charges except by oral evidence, and on the trial even the oral evidence failed to satisfactorily segregate them. The rules in this state respecting the inclusion of nonsegregable and nonlienable items in a claim for a lien, and the effect thereof, are firmly established. They need not be repeated. *Barber v. Henry et ux.*, 197 Or 172, 252 P2d 802; *Ward v. Town Tavern*, supra; *Christman v. Salway et al.*, supra.

The decree is affirmed. Defendants are entitled to costs.