742

Argued and submitted March 1, reversed and
remanded with instructions June 16, 1982

D.E.C. ENGINEERING AND SURVEYING, INC.,
*Appellant,*
*v.*
G & J INVESTMENTS, INC.,
*Defendant,*
LONE OAK DEVELOPMENT COMPANY,
*Respondent.*
(No. 26399, CA A20743)
646 P2d 643

D. Michael Mills, Salem, argued the cause for appellant. With him on the brief was Mills & McMillin, Salem.

Paul J. De Muniz, and Garrett, Seideman, Hemann, Robertson & De Muniz, P. C., Salem, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This case involves the construction of the provisions of the mechanic's lien law dealing with the time within which engineer's and surveyor's liens must be filed. ORS 87.010 *et seq.* Plaintiff, a licensed engineering and surveying firm, brought suit to foreclose its claimed lien for land surveying performed for defendants. It appeals from a judgment for defendant Lone Oak Development Company (Lone Oak) after the trial court had sustained that defendant's motion for a directed verdict at the conclusion of plaintiff's case. Defendant Lone Oak waived appearance in this court. We reverse.

Plaintiff assigns as error the finding that it did not comply with the time provisions of the mechanic's lien law, and the granting of defendant's motion for a directed verdict.

The essential facts are not in dispute. Plaintiff was employed by defendant G & J under a written contract to perform land surveying necessary to prepare, plan, create and construct a subdivision on certain land known as Horizon Estates in the city of Dallas. Plaintiff was also to perform land surveying as necessary for the ultimate construction of the subdivision's improvements. Although plaintiff may not have been aware of it initially, the real property in issue actually belonged to Lone Oak. Plaintiff dealt with a developer named Don Gillespie. Gillespie, who was doing business as G & J Investments, Inc., was in the process of buying the tract from Lone Oak. Those negotiations had reached the earnest money agreement stage but had not been completed when Gillespie engaged plaintiff to perform the surveying here involved.

Plaintiff alleged that it began to perform the work on or about the end of August, 1978, and completed it December 4, 1978. According to plaintiff's evidence, no further work was done on the property, and the project was apparently abandoned, but there was certain office work done by plaintiff after December 4 to complete the plat. The owner of the property, defendant Lone Oak, did not post a completion notice on the property, nor did anyone else. Plaintiff filed its lien on February 16, 1979. Gillespie apparently had encountered financial difficulties at some

point, and the project had collapsed. Plaintiff brought its lien foreclosure suit on November 13, 1980. On motion of plaintiff a default judgment against defendant G & J Investments, Inc., was entered prior to trial.

In allowing Lone Oak's motion for directed verdict at the conclusion of plaintiff's case, the trial judge made this comment:

"I'm going to grant the motion. I say that because of this: The statute 87.010(6) is a specific statute relating to surveyors or other persons who prepare plans, drawings, surveys or specifications that are used for landscaping and so forth. That is the precise statute that applies to this particular proceedings, and the general statute's Sub one I don't think would be applicable.

"The argument * * * on the abandonment or other dates of completion are not applicable here because you have alleged that you completed the work on or about December 4, 1978, and the 60 days requirement is applicable as provided for in 87.035. * * *"

Plaintiff's main contention is that the trial court misconstrued ORS 87.035(1)[1] in holding that plaintiff was required to file its lien within 60 days of December 4, 1978. The court apparently viewed that date as the date when "the completion of the construction" took place and as the date on which the 60-day period for filing the lien commenced to run. Plaintiff's second contention is that the court disregarded the fact that defendants abandoned the project as that term is defined in ORS 87.045(5).[2] Plaintiff's

---

[1] ORS 87.035(1) provides:

"Every person claiming a lien under ORS 87.010(1) or (2) shall file the claim not later than 90 days after he has ceased to provide labor, rent equipment or furnish materials or 60 days after completion of construction, whichever is earlier. Every other person claiming a lien under ORS 87.010 shall file the claim not later than 60 days after the completion of the construction. All claims shall be filed as provided by subsection (2) of this section."

[2] ORS 87.045(5) provides:

"(1) The completion of construction of an improvement shall occur when:

" * * * * *

"(c) The improvement is abandoned as provided by subsection 5 of this section.

" * * * * *

third contention is that the court ignored the fact that plaintiff had not completed all its contractual obligations at the time of the deadline imposed by the court's ruling.

For reasons which follow we conclude that the trial court erred in allowing defendant Lone Oak's motion for a directed verdict. Plaintiff concedes that the right to a mechanic's lien is purely statutory and that a lien claimant must bring himself clearly within the terms of those statutes. *Lemire v. McCollum,* 246 Or 418, 425 P2d 755 (1967). Plaintiff alleged in both its lien and in its complaint that plaintiff began work on or about September 8, 1978, and completed its work on December 4, 1978. Defendant raised as an affirmative defense that the lien was not timely filed. Defendant did not move against the pleadings. After plaintiff had presented its evidence, defendant moved for a directed verdict or dismissal of the complaint on the ground plaintiff had not proven that the lien was timely filed. Defendant argued that counting from December 4, the date plaintiff completed its work on the project, plaintiff had not filed the lien within 60 days. (ORS 87.035).

First, although it is well established that a lien claimant must allege facts showing a timely filing of his lien or allege facts excusing performance,[3] defendant did not challenge the sufficiency of the pleading to state a cause of suit. It moved to dismiss on the basis of a failure of proof. As already noted, a surveyor's lien is allowed under ORS 87.010(5) and (6). ORS 87.035(1) provides the time limits for filing a lien. The critical time is 60 days after the completion of the construction.

Plaintiff's proof established that the last work done on the site was December 4, 1978. Essentially, the project never got off the ground, and the last work done was plaintiff's survey. Under the abandonment theory, the 60-day period for presumed abandonment ran from December

"(5) Except as provided in subsection (6) of this section, an improvement is abandoned:

"(a) On the 60th day after work on the construction of the improvement ceases * * *

" * * * * *."

[3] *See Anderson et al v. Chambliss et ux,* 199 Or 400, 262 P2d 298 (1953).

4, 1978, to February 2, 1979. This would then be considered the completion date under ORS 87.035, and plaintiff had 60 days after February 2 to file a claim. The claim was filed February 16, 1979, well within that 60-day period. Thus, as a fact matter, plaintiff's lien was timely filed.

Reversed and remanded with instructions to vacate the order allowing defendant's motion for directed verdict and for appropriate further proceedings.